## Commonwealth v. Kuhn

*Donald M. Swope, Swope & Frazee,* for Commonwealth.

*William H. Nast, Jr.,* for defendant.

MacPHAIL, P. J., November 17, 1969.—An informa-tion* was filed against defendant alleging that he was in violation of section 3 of the "Mt. Pleasant Township Junk Yard and Refuse Ordinance" which provides that no person shall engage in business as a junk dealer, or maintain a junkyard without obtaining a license from the township. Defendant waived a hear-ing before the justice of the peace and posted a bond under the provisions of section 4 of the Minor Judici-ary Court Appeals Act of December 2, 1968 (Act No. 355). An evidentiary hearing was held before this court, following which briefs were filed.

From the testimony, we make the following find-ings of fact:

---

* We note that this action was improperly prosecuted in the name of the Commonwealth of Pennsylvania. There is some au-thority to the effect that this error would render the entire pro-ceedings a nullity. See Commonwealth v. Fontana, 46 D. & C. 2d 121 (1968). However, since no objection was raised and both par-ties have pressed for a decision on the merits, we will proceed as though the action had been instituted by Mt. Pleasant Township.

1. Defendant owns a tract of real estate containing approximately seven acres in a rural area on the north side of, and contiguous to, Pennsylvania Route 116 in Mt. Pleasant Township, Adams County, Pa.

2. On approximately four acres of defendant's land are piles of lumber and tin, old radiators, bath tubs, water heaters, stoves, used trucks, used farm tractors, used farm equipment, old sleighs and old steam locomotives.

3. There are several enclosed buildings and semi-enclosed sheds on the premises.

4. The area is wooded brush land.

5. Defendant has a number of valuable antique items on the premises, most of which, where size permits, are kept in the buildings and sheds.

6. Defendant does not deal with junk dealers or wholesale scrap dealers. He buys and sells nothing by the pound. He deals primarily with antique dealers and specializes in wagons, buggies and sleighs.

7. Defendant did not procure a license under the provisions of the Mt. Pleasant Township Junk Yard and Refuse Ordinance.

8. Mt. Pleasant Township is a second class township.

## ISSUES

A. Is the municipal ordinance a valid exercise of the township's police power?

B. Is the municipal ordinance invalid because it is a taxing rather than a regulatory measure?

C. Is defendant a "junk dealer" under the provisions of the municipal ordinance?

D. Does defendant maintain a "junkyard" under the provisions of the municipal ordinance?

## DISCUSSION

Townships of the second class have the authority to regulate junk dealers and the establishment and

maintenance of junkyards and scrap yards: Act of May 1, 1933, P. L. 103, as amended, 53 PS §65758; Commonwealth v. Hanzlik, 400 Pa. 134 (1960). Since the constitutionality of the identical ordinance was previously challenged in this court and a comprehensive opinion was written by the late Judge Sheely sustaining its validity, we deem it unnecessary to once again discuss that issue: Mt. Pleasant Township v. Hartlaub, 8 Adams 121 (1967). We hold that the ordinance is a valid exercise of the township's police power and is not vague, arbitrary and confiscatory to defendant's business.

There is no evidence in this case that the ordinance is a taxing rather than a regulatory measure. A license fee is valid if the amount thereof is reasonably commensurate with the actual cost to the municipality for special services rendered. It merely makes the person who causes the expense pay for it: Commonwealth ex rel. Hines v. Winefree, 408 Pa. 128 (1962). The party who claims that the amount of the license fee is unreasonable has the burden of proving that fact: Commonwealth ex rel. Hines v. Winefree, supra. In the case now before us, that burden has not been met. Moreover, this very same issue was presented and resolved in the township's favor in Mt. Pleasant Township v. Hartlaub, supra. Accordingly, we hold that the ordinance is a regulatory, and not a revenue, ordinance.

Section 2(F) of the ordinance defines a junk dealer as one "who shall engage in the business of selling, buying, salvaging and dealing in junk." The term "junk" is defined in section 2(E) as "any discarded material or article and shall include, but not be limited to, scrap metal, scrapped, abandoned or junked motor vehicles, machinery, equipment, paper, glass, containers and structures." We do not believe that the evidence in this case is sufficient to prove

that defendant is a "junk dealer." To the contrary, the evidence indicates that he is not a "junk dealer."

Section 3 of the ordinance makes it mandatory for persons who engage as junk dealers and those who maintain a junkyard to be licensed. A "junkyard" is defined in the ordinance, section 2(D), as "any place where any junk as hereinafter defined, is stored, disposed of or accumulated." The evidence in this case demonstrates that defendant has a vast accumulation of many items on his premises, some of which are antiques, but the remainder would be classified as "junk" under the provisions of the ordinance. While the dollar volume of the antiques exceeds the dollar value of the other items, in terms of numbers and physical volume the other items exceed the antiques. Therefore, although defendant is an antique dealer, he also maintains a junkyard. The two occupations, while in no way similar, are not mutually exclusive of one another. Thus, it is possible, and such is the case with this defendant, to be a reputable antique dealer and at one and the same time to maintain a place where things other than antiques, i.e., "junk" are stored, disposed of or accumulated. From the evidence in this case, we conclude that defendant does maintain a junkyard within the purview of the ordinance in question.

Since defendant did not obtain a license as he is required to do under the ordinance, he is in violation of that ordinance and subject to the penalties therein provided.

## ORDER OF COURT

And now, November 17, 1969, for the reasons set forth in the attached opinion, defendant is found guilty of violating the Mt. Pleasant Township Junk Yard and Refuse Ordinance by reason of his failure to obtain a license under that ordinance. Defendant

is directed to appear before this court for sentence at the call of the district attorney unless he shall have paid a fine of $50 for the use of Mt. Pleasant Township and all costs of this proceeding within 10 days from the filing of this order.

