Myron Osborne, Appellant, *v.* Commonwealth of Pennsylvania, Township of Wells, Appellee.

Argued September 11, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Michael J. DeSisti,* for appellant.

*Gerald W. Brann,* with him *Vineski, Brann & Williams,* for appellee.

OPINION BY JUDGE ROGERS, September 30, 1974:

This is the appeal of Myron Osborne from judgment of sentence[1] upon a finding by the Court of Common Pleas of Bradford County, after trial de novo, that the appellant had violated the Wells Township Junk Yard and Refuse Ordinance of 1971.

Mr. Osborne has owned for upwards of 20 years a 500 acre farm in the township on which he has accumulated over the years hundreds of moribund automobiles. We learn from the appellant's brief that Mr. Osborne was first prosecuted for failing to obtain a junk dealer's license and the case dismissed, after hearing, for absence of proof that the appellant was engaged as a junk dealer as that term is defined in the ordinance. The complaint in the instant case charges that the appellant "did unlawfully have on property owned by him or under his control . . . abandoned and/or unlicensed motor vehicles without first having applied for and receiving from the Wells Township Supervisors, a license to maintain a Junk Yard." The court below in this case again found "[t]hat the defendant does not deal in said cars in the usual way . . . ."

We are compelled to reverse on the ground that the ordinance does not require persons maintaining a junkyard, as distinguished from dealing in junk, to apply for or obtain a license.

---

[1] To pay a fine of $25 and the costs of prosecution.

The only specific licensing requirement of the ordinance in question is the following: "No person shall engage in business as a junk dealer in the Township without first having obtained a license from the Supervisors, for which license the fee shall be Thirty ($30.00) Dollars for each and every calendar year. Such license shall be renewed annually on or before the first day of January of each year. In any case where a junk dealer's business shall be established in the Township on or after the first day of July in any year, the license fee payable by such junk dealer for the remainder of such year shall be at one-half (½) the yearly rate." While there are a number of provisions in the ordinance which imply that the drafters intended that a non-dealer owner of a premises upon which junk is stored should apply for and obtain a license, there is no such specific requirement. The ordinance is a penal statute and this is a criminal case. We are, therefore, required to accord the provisions of the ordinance a strict construction. Statutory Construction Act of 1972, 1 Pa. C.S. §1928(b)(1).

We hasten to add that the ordinance could have required a license for the maintenance of a junkyard, as well as one for engaging in business as a junk dealer. *See Price v. Smith,* 416 Pa. 560, 207 A. 2d 887 (1965); *Commonwealth v. Kuhn,* 48 Pa. D. & C. 2d 286 (1969). We further observe that the appellant's contention that the ordinance is bad because it seeks to regulate his activities retroactively and because its general objectives are aesthetic, are without merit. The appellant is presently subject to the regulatory provisions of the ordinance and would be subject to licensure requirements for maintaining the junk on his property if the ordinance so provided.

Judgment reversed.