Township of Vanport *v.* Harold W. Brobeck, Appellant.

524

Argued October 31, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Stewart P. McConnel,* for appellant.

*Samuel C. Holland,* for appellee.

OPINION BY JUDGE KRAMER, December 23, 1975:

This is an appeal by Harold W. Brobeck from an order of the Court of Common Pleas of Beaver County, dated April 23, 1975, which found Brobeck guilty of violating Section 814 of the Zoning Ordinance of the Township of Vanport and imposed a fine of $500.00. Brobeck raises several issues, all of which are without merit, and we affirm.

> Section 814 of the ordinance reads as follows:

> "No lot or premise shall be used as a storage area for junk automobiles, appliances or the storage or collection of any other miscellaneous items. Also, no lot or premise shall be used as a garbage dump or a dead animal rendering plant nor may manure, rubbish or miscellaneous refuse be stored in the open within any District where the same may be construed as a menace to the public health or safety."

Other provisions of the ordinance impose a fine of not more than $500.00 after a conviction in a summary proceeding.

Initially, Brobeck raises an issue concerning whether Section 814, being penal in nature, should be strictly construed. *Beacon Warehouse, Inc. v. City of Pittsburgh,* 16 Pa. Commonwealth Ct. 16, 328 A.2d 585 (1974). The Township does not dispute this proposition, and we are, quite frankly, at a loss to see where Brobeck finds any reason to feel aggrieved by the trial judge's treatment of the ordinance. We conclude that the trial judge properly construed the ordinance. Likewise, we quickly dismiss Brobeck's suggestion that somehow the Township has a burden of proving "the feasibility of the relief it seeks." The only "relief" sought by the Township, if indeed that is an appropriate term, is the fine which was imposed by the trial court. The record indicates that the burden of proof was appropriately placed upon the Township.

Brobeck next argues, through several separate allegations of error, that Section 814 is unconstitutional because it represents an impermissible delegation of the powers of the General Assembly, and because it does not require that a nuisance be found to exist. With regard to the necessity that a nuisance be found, we point out the obvious fact that the police power of the Commonwealth empowers the government to regulate land use in a myriad of ways and our reports contain literally hundreds of cases where state and municipal governments have validly acted to protect the public health, safety and welfare in situations where common law nuisances did not exist. *Osborne v. Commonwealth of Pennsylvania, Township of Wells,* 15 Pa. Commonwealth Ct. 325, 325 A.2d 671 (1974). Zoning ordinances are only one example.

With regard to the unconstitutional delegation of powers which Brobeck sees in the ordinance, there is no merit in his contention. Brobeck apparently objects to the notion that municipal officials, and the courts, will have to determine which activities pose a legitimate threat to the public health, safety or welfare. This kind of deter-

526

mination is inherent in our system of government and laws and there is nothing unconstitutional about permitting local legislative bodies to exercise independent judgment about the land uses which are best suited to their municipalities. Such judgments, in the form of zoning ordinances, are authorized by statute[1] and, as long as the courts are free to insure that the power thus entrusted to local officials is not used in an arbitrary or unreasonable manner, the determination is constitutionally valid.

The only other point raised by Brobeck which merits comment is his complaint that the trial judge fined him $500.00, whereas the district justice who originally heard the case fined him only $100.00. Since the judge heard the appeal *de novo,* we cannot find error in the amount of his fine unless we determine that he abused his discretion. *See Smith v. State Horse Racing Commission,* 18 Pa. Commonwealth Ct. 1, 333 A.2d 798 (1975) and *Lanchester v. Pennsylvania State Horse Racing Commission,* 16 Pa. Commonwealth Ct. 85, 325 A.2d 648 (1974). There is no basis in the record for such a conclusion.

We affirm the order of the trial court.

---

1. *See* Section 603 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, 53 P.S. §10603.