369 A.2d 850

COMMONWEALTH of Pennsylvania

v.

ALJIA DUMAS PRIVATE DETECTIVE
AGENCY, INC., Appellant.

Superior Court of Pennsylvania.

Argued June 16, 1976.

Decided Feb. 18, 1977.

142

Anthony J. DeFino, Philadelphia, for appellant.

Mark Sendrow and Steven H. Goldblatt, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

On June 21, 1976, the lower court denied appellant's application for reissuance of its license to do business under the Private Detective Act (the "Act" hereinafter).[1] Appellant contends that the lower court considered improper information in arriving at its decision. We agree and remand for further consideration.

Aljia Dumas has continuously run the detective agency which provides security for many Philadelphia businesses, since he opened the unincorporated business in October, 1969. In 1972, Dumas applied for and was granted a renewal of his license. Dumas has conducted business as a corporation since July 23, 1973. On August 14,

[1]. Act of August 21, 1953, P.L. 1273, § 1 et seq.; 22 P.S. § 12 et seq.

1974, Dumas filed an application in the court of common pleas for a second renewal of the license.

Upon notification that the appellant sought renewal of the license, the Philadelphia District Attorney's Office began an investigation of appellant pursuant to the Act. 22 P.S. § 15. As a result, the Commonwealth entered its opposition to the renewal because appellant failed to submit monthly reports of its hiring and firing as requested by the District Attorney's Office and because appellant had hired a detective who had been convicted of a felony. See 22 P.S. § 23.

On June 9, 1975, and on two subsequent days in July, 1975, the lower court held a hearing to determine the basis for the Commonwealth's opposition to the renewal. The court concluded that all of the facts of record "evidence[d] a manifest lack of good character on the part of petitioner." The court relied on several factors in reaching that conclusion: "[T]he [appellant] failed to file monthly reports, on the hiring and firing of employees, as requested by the District Attorney's office pursuant to Section 5(a) of the Act. That section authorizes the District Attorney to enforce the Private Detective Act; as part of its enforcement powers, section 5 empowers the District Attorney to require licensees to provide information about the conduct of their business. The Philadelphia District Attorney's Office requires every holder of a private detective license to provide monthly reports on the hiring and firing of employees." As will be discussed infra, the lower court erroneously relied on the failure to file monthly reports with the district attorney's office. Although we recognize that the court's decision is discretionary, we conclude that the court relied on at least one erroneous, but significant factor; therefore we must remand the case because we do not know precisely how that factor contributed to the court's ultimate decision to deny the license.

As noted above, the district attorney opposed reissuance of the license on several grounds. The district at-

torney stated in its brief that "Section 5 of the . . . Act . . . authorizes the district attorney to enforce the Private Detective Act. As part of its enforcement powers, Section 5 empowers the district attorney to require licensees to provide information about the conduct of their business.

"The Philadelphia District Attorney's Office requires every holder of a private detective license to provide monthly reports on the hiring and firing of employees . . .. Although the District Attorney's Office notified the Dumas Agency of its obligation to provide such reports several times . . . , the agency failed to do so for over two years . . .." Appellant does not deny that it did not file the reports in a timely fashion. Similarly, the district attorney concedes that the reports were eventually filed. That is not the real issue in the case. Our inquiry is whether failure to file such reports can be a basis for denial of appellant's license.

■■■ The Act provides that "[t]he district attorneys of the various counties shall have the power to enforce the provisions of this act, and, upon complaint of any person, or on his own initiative, to investigate any violation thereof, . . .. Each such applicant or licensee shall be obliged, on request of the district attorney, to supply such information as may be required concerning his or its business, business practices or business methods, or proposed business practices or methods." 22 P.S. § 15(a). The Commonwealth contends that, by implication, a failure to comport with the District Attorney's request is a sufficient basis for denial of the renewal of the license. However, subsection (b) provides that "[f]or purpose of enforcing the provisions of this act and in making investigations relating to any violation thereof, and for the purpose of investigating the character, competency and integrity of the applicants . . ., the district attorney . . . shall have the power to subpoena and bring before the officer or person

so designated any person in the county, and require the production of any books or papers which he deems relevant to the inquiry, . . .. Any person duly subpoenaed who fails to obey such subpoena without reasonable cause, . . . shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not more than five hundred dollars ($500) or to undergo imprisonment for not more than one (1) year, or both." 22 P.S. § 15(b). It is clear from the record and admitted by the Commonwealth that appellant did eventually provide such records. Thus, the Commonwealth was not required to use the enforcement provisions prescribed by the Act. It is the view of this Court that it was erroneous for the lower court and the Commonwealth to base the renewal decision on a "violation" of the cited statutory provision. That is, the appellant did provide the requested documents. Further, sub-section (b) provides that the way to enforce the Act is not denial of a license, but the issuance of a subpoena. A failure to produce documents may lead to a fine of $500 or to a term of imprisonment. The Act does not provide for the additional punishment of license denial or revocation.

 Obviously, our task is to determine the intent of the legislature in providing a specific remedy for failure to provide information. See Act of November 25, 1970, P.L. 707, No. 230, added 1972, Dec. 6, P.L. 1339, No. 290, § 3; 1 Pa.C.S. § 1921. The Commonwealth would have us infer that failure to file reports was a valid basis for denial of the license, despite the more limited authority for enforcing the specific statutory provision. However, we do not have the power to create that additional authority if "the words of [the] statute are clear and free from all ambiguity." Act of November 25, 1970, *supra*, 1 Pa.C.S. § 1921(b). The legislature has circumscribed the lower court and made clear the penalty for failing to file information with the district attorney. We will not fabricate out of whole cloth an additional

remedy when the legislature has clearly expressed its intent.

Our disposition of the instant case does not require that we reach the constitutional issue raised by appellant that the Act violates due process. The legislature has mandated that we construe statutes to avoid a violation of the United States Constitution or of our Constitution. Act of November 25, 1970, supra, 1 Pa.C.S. § 1922 (3). If we were to affirm the lower court, we would have to decide first whether appellant's license was a constitutionally protected property interest. See, *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972). If we were to conclude that it is, we would have to decide whether the Act provided appellant with adequate notice of what actions on its part could lead to denial of its license. See *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

The lower court's opinion makes clear that it relied on the failure to file reports in exercising its discretion in denying the license. It is possible that the court would have reached the same conclusion based on other evidence in the record. The court did not provide a complete formula by which it reached its result; thus, we cannot substitute our evaluation of the record for that of the lower court. Indeed, it is a basic premise of appellate review that we cannot substitute our judgment for that of the lower court on a diminished record and, that in such instances, we must remand for reconsideration of the case. Cf. *McGee v. United States*, 462 F.2d 243 (2d Cir. 1972); *Commonwealth v. Lockhart*, 223 Pa. Super. 60, 296 A.2d 883 (1972).

Therefore, we remand for further consideration by the lower court consistent with this opinion.

VAN der VOORT, J., concurs in the result.

PRICE, J., files a dissenting opinion in which JACOBS, J., joins.

SPAETH, J., dissents for the reasons stated by the lower court.

PRICE, Judge, dissenting:

This case raises the question of what information may be considered in a hearing on an application for renewal of a private detective's license. The majority holds that evidence of a dereliction in filing reports on hiring practices, required by the district attorney's office, may not be a factor in the court's decision even though the district attorney is statutorily authorized to require such reports.[1] I dissent.

The legislature has not specifically indicated that a court considering an application for renewal must ignore evidence of certain violations. The fact that the legislature authorized a specific remedy for violation of the duty to supply information to the district attorney's office does not render such a violation irrelevant. Indeed, in a hearing to determine whether a private detective's license should be renewed, I can conceive of no evidence more relevant than violations of the licensing statute.

The case before us would be significantly different if the lower court had refused to renew appellant's license *solely* based on appellant's failure to comply with the district attorney's requests. However, that is not the issue before us. We must decide whether a failure to supply requested information can be one factor in a lower court's decision to deny an application for renewal. Absent a specific prohibition, I believe that all violations of

1. *See* Section 5 of the Private Detective Act of 1953, Act of August 21, 1953, P.L. 1273 (22 P.S. § 15).

the statute should be considered in determining whether to renew an applicant's license.

At the hearing below, the evidence revealed that appellant knowingly hired a convicted felon in violation of § 13(a) of the Private Detective Act of 1953. The employee, en route to his job, in uniform and carrying a handgun, stopped at his girlfriend's home. He and his girlfriend began to argue. During the argument, the employee accidentally shot and killed his girlfriend's mother. It is not idle speculation to wonder if this death would have been prevented had appellant complied with the law. The majority contends, however, that appellant's failure to obey the law should have no bearing on his application for renewal.

I would hold that all violations of the Private Detective Act of 1953 and the Lethal Weapons Training Act are admissible for the court's consideration at a license renewal hearing. Then, based on the evidence adduced at the hearing, the grant or denial of renewal is within the court's discretion. In this case, the Commonwealth proved that appellant was derelict in supplying the district attorney with the requested reports and that appellant knowingly hired a convicted felon. Therefore, the lower court's denial of appellant's renewal petition was not an abuse of discretion.

Because the other contentions raised by appellant are without merit, I would affirm the order of the lower court.

JACOBS, J., joins in this dissenting opinion.