375 A.2d 66

COMMONWEALTH of Pennsylvania, Appellant,

v.

Shawn CUNNINGHAM, Appellee.

Superior Court of Pennsylvania.

Argued June 17, 1976.

Decided June 29, 1977.

Peter F. Schenck, Assistant District Attorney, with him Stephen B. Harris, First Assistant District Attorney, Warrington, for appellant.

R. Wasserbly, with him Richard R. Fink, Chief Public Defender, Doylestown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the Court of Common Pleas of Bucks County, Criminal Division, where the court granted appellee's motion in arrest of judgment after a jury returned a verdict of guilty against appellee on a charge of attempting to obtain possession of a controlled substance. The Commonwealth then took this direct appeal and the appeal is proper as it involves a question of law.

Appellee, Shawn Cunningham, was found guilty after a trial by jury on February 6, 1975. The evidence at trial established that on August 22, 1974 a pharmacist received a phone call from someone who said that he was a Dr. Kidroff

telling him that a codeine cough medicine had been prescribed for one Ed Johnson and that the patient would be in to pick it up. This type of medicine is available by prescription only. Later that day the defendant came into the pharmacy and requested the prescription for Ed Johnson. A check with Dr. Kidroff revealed that he had made no such call nor did he have any such patient. Appellee testified that another party had asked him to pick up the prescription, that he never represented himself as "Ed Johnson" nor ever asked for a specific prescription while in the pharmacy. The court below granted appellee's motion in arrest of judgment for attempting to possess the controlled substances because an *attempt* to possess a controlled substance was never specifically made a crime under the Act of 1972, April 14, P.L. 233, No. 64, § 13, 35 P.S. § 780–113(a)(12) which was the Act under which appellee was charged. The jury had found him not guilty of possession since he never actually gained possession of the controlled substance.

Appellee was indicted under 35 P.S. § 780–113(a)(12) (The Drug, Device and Cosmetic Act) which proscribes:

"The acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge".

The issue is whether an attempt to commit such crime is an offense punishable under the penal laws of the Commonwealth of Pennsylvania.

In *Commonwealth v. White,* 232 Pa.Super. 176, 335 A.2d 436 (1975) we upheld a conviction for attempted indecent assault even though the defendant had been indicted only on the crime of indecent assault. *White* held that "an accused is guilty of attempt when, 'with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime' ". See also 18 Pa.C.S. § 901 (1973). There it is clear that a person indicted for a specific crime may be found guilty of an attempt to commit that crime under the same indictment. Appellee, however, attempts to distinguish between a crime defined under the Crimes Code and one defined under the Drug,

Device and Cosmetic Act and would have us hold that the law on attempts to commit a crime does not apply under the Drug, Device and Cosmetic Act since that Act is published under a separate title in Purdon's Statutes. We feel that such a distinction is false since the Drug, Device and Cosmetic Act in 35 P.S. § 780–113(b) specifically declares that anyone violating clauses 1 through 13 of the Act is guilty of a misdemeanor. Section 18 Pa.C.S. § 901 defines criminal attempt as an attempt to commit a specific *crime.* (Emphasis ours) No distinction is made among crimes defined under the Crimes Code and crimes defined under other statutes. Since a misdemeanor is a crime and since the Crimes Code addresses itself to all criminal conduct without distinction it is clear that the Crimes Code would also govern crimes defined in other statutes in the absence of any more specific legislation under another statute which would contradict that of the Crimes Code.

We are mindful of the rule of statutory construction which holds that penal statutes must be strictly construed in favor of the accused. *Commonwealth v. Duncan,* 456 Pa. 495, 321 A.2d 917 (1959). However, we hold that it is abundantly clear that 18 Pa.C.S. § 901 applies to all criminal conduct without distinction. Therefore there is no ambiguity with regards to criminal attempt and no reason to apply that rule here.

We are also mindful of the fact that the Pharmacy Act, Act of 1961, Sept. 27, P.L. 1700, § 8, 63 P.S. § 390–8(13)(i) expressly makes attempts unlawful while the Drug, Device and Cosmetic Act does not. However, we hold that this situation is amply covered by 18 Pa.C.S. § 901 when the legislature defined "Criminal Attempt" as an attempt to commit any crime without distinguishing among the various crimes.

The appeal of the Commonwealth is sustained, the arrest of judgment is vacated and the case remanded for sentencing.