## Township of Kidder v. Steinbronn

*John F. Gibbons,* for township.
*Joseph J. Musto,* for appellant.

LAVELLE, *P.J.,* February 25, 1981—Appellant John H. Steinbronn was convicted in a summary proceeding of erecting a political campaign sign without a permit and thus violating section 5.604(c) of the Kidder Township Zoning Ordinance (ordinance). He appealed his conviction to this court where we heard the matter de novo.

In his appeal, appellant advances two arguments:

1. There is insufficient evidence to convict him of violating section 5.604(c).

2. Section 5.604(c) is unconstitutional in that it violates appellant's First Amendment right of free speech.

After a careful and thoughtful review of the evidence and the ordinance, we conclude that appellant's conviction cannot be sustained.

## DISCUSSION

1. Sufficiency of Evidence
Section 5.604(c) of the ordinance reads:

"A zoning permit and building permit shall be required for the erection or alteration of any sign more than seven square feet in area."

Testimony at the hearing established that a four foot by eight foot or 32 square foot sign announcing the candidacy of Raphael Musto for Congress was erected without the required permits by Musto campaign workers on appellant's land in Kidder Township's Lake Harmony area on or about March 27, 1979. Appellant gave his permission for the erection of the sign but did not personally participate in the actual erection. Appellant admittedly did affix a smaller "thank you" sign to the face of the larger sign at a later date.

On April 4, 1980 appellant, by letter, requested a permit for the sign. On April 7, 1980 appellant was informed in person by the Kidder Township Zoning Officer, William S. Adams that appellant was in violation of the ordinance. Appellant was told to remove his sign. However, appellant did not remove the sign until some time after April 22, the date of the primary election. No permits were ever issued.

Section 616 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10616, provides that violation of any provision of a zoning ordinance is an offense punishable by a fine of not more than $500 and in default of this fine, imprisonment of not more than 60 days upon conviction in a summary proceeding. The language of section 6.702 of the Kidder Township Zoning Ordinance is identical to the language of section 616.

Rules of statutory construction are applicable to statutes and ordinances alike: Fedor v. Borough of Dormont, 487 Pa. 249, 409 A. 2d 334 (1979); Donahue v. Zoning Board of Adjustment, 412 Pa. 332, 194 A. 2d 610 (1963); Appeal of Neshaminy Auto Villa Ltd., 25 Pa. Commonwealth Ct. 129, 358 A. 2d 433 (1976). The sanctions applied by the Pennsylvania Municipalities Planning Code and by the ordinance for violation of any provision of the ordinance are penal in nature, and hence, the provisions of the ordinance describing the violations must be strictly construed in favor of the accused. See Com. v. Cunningham, 248 Pa. Superior Ct. 219, 375 A. 2d 66 (1977); Township of Vanport v. Brobeck, 22 Pa. Commonwealth Ct. 523, 349 A. 2d 523 (1975); Statutory Construction Act, 1 Pa.C.S.A. §1928(b).

Section 5.604(c) indicates that zoning and building permits are "required for the erection or alteration of any sign more than seven square feet in area." This provision is ambiguous because it does not plainly indicate whether it is only the person or persons actually erecting a sign who must obtain the permits, or whether the owner on whose property the sign is erected must obtain the permits. A construction of section 5.604(c) against the appellant who did not actually erect the sign would ignore an obvious ambiguity in that provision which

ambiguity we are charged to interpret in favor of an accused. See Com. v. Cluck, 252 Pa. Superior Ct. 228, 381 A. 2d 472 (1977).

We construe the language of the ordinance to require that permits be obtained by the person or persons actually erecting the sign. In our view, under the wording of the ordinance, a property owner without a permit who allows or even directs erection of a sign on his land but who does not actually participate in the erection of the sign does not violate this ordinance.

We note also that section 5.604(d) dealing with temporary signs explicitly specifies the duty of the "property owner" to remove a temporary sign after 60 days have expired. Such explicit language is not present in section 5.604(c).

The testimony in the instant case established beyond a reasonable doubt only that appellant *permitted* erection of the political sign in question on his own land but that he did not erect it or participate in the sign's erection. Such evidence is clearly insufficient to convict appellant under the wording of section 5.604(c) of the offense charged.

The township argues that when appellant attached a "thank you" to the sign, he altered the sign within the meaning of the ordinance without having the required permits. We disagree. "Alteration" as used in section 5.604(c) does not refer to the alteration of contents of a sign but refers to an alteration of the size of the sign. The exhibits indicate the size of the sign was not changed by appellant. (Marked plaintiff's exhibits nos. 2 and 3).

## II. Restriction of Free Speech

Having found insufficient evidence to sustain the conviction we avoid, as we should, the First Amendment issue raised by appellant: Com. v.

Monumental Properties, Inc., 459 Pa. 450, 329 A. 2d 812 (1974); Com. v. Aljia Dumas Private Detective Agency, Inc., 246 Pa. Superior Ct. 140, 369 A. 2d 850 (1977); Statutory Construction Act, supra., 1 Pa.C.S.A. § 1922(3).

However, we deem it appropriate to provide some guidance and a note of caution to municipalities who are confronted with the erection of election or campaign signs.

Political posters and campaign signs enjoy significant First Amendment protection by the courts. A total ban on temporary political signs in residential areas is invalid: Baldwin v. Redwood City, 540 F. 2d 1360 (9th Cir. 1976); Pace v. Walton Hills, 15 Ohio St. 2d 51, 238 N.E. 2d 542 (1968; Walters v. Dormont Borough, 114 Pitts.L.J. 349 (1966). Size restrictions and permit requirements in zoning ordinances are closely scrutinized by the courts when they are used to restrict political signs: Baldwin, supra.

We have grave reservations as to whether the six square foot limitation of section 5.601 of the Kidder Township Zoning Ordinance on the size of temporary signs in residential districts insures and permits a proper exercise of a landowner's right of free political speech.[1] "Inadequate sign dimensions

---

1. Section 5.601 permits only the following signs and maximum areas of signs in residential areas:

| Type of Sign | Maximum Area (Sq. Ft.) |
|---|---|
| 1. Name Plates, Identification Signs or Home Occupation Signs | 2 |
| 2. Sale, Rental or Temporary Signs | 6 |
| 3. Highway Directional Signs | 6 |
| 4. Signs accessory to non-dwelling uses or activities | 12 |

may strongly impair the free flow of protected speech." State v. Miller, 83 N.J. 402, ____, 416 A. 2d 821, 828 (1980). To be effective, signs must be seen from the roadway by persons in vehicles and pedestrians. Limitations of sixteen and eighteen square feet on political signs have been upheld: Baldwin, supra; Ross v. Goshi, 351 F. Supp. 949 (D. Hawaii 1972). A four square foot sign limitation was struck down: Verrilli v. City of Concord, 548 F. 2d 262 (9th Cir. 1977). Six square feet is probably inadequate: State v. Miller, supra. If no justification is offered for a particular size limitation on a political sign (and no justification was offered in the instant case), this is sufficient to find the size restriction unconstitutional: Verrilli, supra.

Further, in light of any municipal interests that they ostensibly serve, both the permit and fee requirements in the ordinance for temporary signs larger than seven square feet and the necessity of obtaining a size variance for temporary signs larger than six square feet in residential areas, may also be unduly burdensome on political speech.[2]

We need not and do not decide the constitutional issue here. However, we emphasize that time, place and manner restrictions on political signs will be closely scrutinized if they are challenged in court.

Based on our finding of insufficient evidence to convict appellant, we enter the following

2. Courts will scrutinize more closely an ordinance restricting political advertisement than an ordinance controlling commercial advertisement. See Com. v. Sterlace, 481 Pa. 6, 391 A. 2d 1066 (1978); State v. Miller, supra.; Walters, supra. Thus, a municipality can draft an ordinance protecting political advertisement while insuring that residential areas are not overrun by commercial billboards and posters. See State v. Miller, supra.

## ORDER

And now, February 25, 1981, it is hereby ordered and decreed that the appeal of John F. Steinbronn be and is hereby sustained and he is found not guilty of violating section 5.604(c) of the Kidder Township Zoning Ordinance.