**Commonwealth v. Bresnock**

*William H. Platt,* for Commonwealth.
*John P. Karoly,* for defendant.

DIEFENDERFER, *J.,* June 1, 1981—This case comes before the court pursuant to defendant's motion to quash the information in the form of an omnibus pretrial motion. Argument was heard on April 1, 1981.

Defendant was arrested on June 27, 1980 and charged with driving under the influence of alcohol in violation of the Vehicle Code, 75 Pa.C.S.A. §3731(a)(1), by Officer Robert W. Harris of the Upper Saucon Township, Lehigh County, Pa. Police Department. Defendant had been in the Peppercorn Pub, a restaurant/tavern, on Passer Road, Coopersburg, and exited and went to his vehicle. The vehicle was parked upon the privately owned property of the restaurant owner, William Davis. The parking lot contained a macadam surface accommodating the parking of approximately 30 to 35 vehicles. The lot contained three combined entrances and exits and will not permit through traffic. Defendant turned on the ignition of the car and drove it backward and forward a few feet in an effort to extricate it from a tightly parked position. In this process defendant's vehicle is alleged to have made contact with the vehicle closest to it, but no damage is said to have resulted. The officer of the Upper Saucon Police Department happened to be in the area of the lot when the activities occurred. He observed defendant's action. He then took defendant into custody and placed him under

arrest for driving while under the influence of alcohol.

On August 11, 1980 the preliminary hearing was held, a prima facie case found and the matter was bound over for criminal court. The docket transcript was certified by the clerk of courts on September 15, 1980. On October 1, 1980 an information was filed by the district attorney charging defendant with driving under the influence of alcohol: 75 Pa.C.S.A. §3731(a)(1), and attempted driving under the influence of alcohol, Crimes Code, 18 Pa.C.S.A. §901, and 75 Pa.C.S.A. §3731(a)(1). Arraignment was scheduled for October 9, 1980 and on October 8, 1980, defendant waived arraignment on a praecipe for appearance filed by his counsel.

On November 7, 1980 defendant filed his omnibus pretrial motion and a rule was issued on the district attorney to show cause why the relief requested in the motion should not be granted. Defendant's motion alleges that: (1) driving under the influence cannot be committed upon a private parking lot, it being neither a "highway" nor a "trafficway" as defined in the vehicle code; (2) one cannot commit the inchoate crime of attempted driving under the influence; and (3) prosecution for a crime committed on what is allegedly private property is violation of defendant's constitutional right to privacy. Only the first two arguments were briefed and, therefore, only these two will be considered by the court.

The statute under which defendant has been charged is driving under the influence of alcohol or controlled substance, specifically section 3731(a)(1) and it reads: "(a) Offense defined. A person shall not drive any vehicle while: (1) under

the influence of alcohol to a degree which renders the person incapable of safe driving. . . ." The main contention of defendant is that the Vehicle Code is not applicable to the area where defendant was operating his vehicle. Section 3101 of the Vehicle Code states:

"(a) General Rule.—Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refers exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a particular provision. (b) Serious Traffic Offenses.— The provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses) shall apply upon highways and trafficways throughout this Commonwealth."

There is no issue as to defendant having driven on the highway in this car because he did not. The issue then becomes, is this private parking lot a trafficway. Trafficway is also defined by the Vehicle Code in section 102, 75 Pa.C.S.A. §102, which states: "'Trafficway.' The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom." Since the incident occurred on the parking lot of the Peppercorn Pub, the issue is whether this area qualifies as a trafficway under the Vehicle Code.

The purpose of 75 Pa.C.S.A. §3101 is to afford protection to the public from serious traffic offenses even though said offenses did not occur on highways. The definition of trafficway includes that it must be open to the public for purposes of vehicular traffic as a matter of right or custom. It would ap-

pear from the use of parking lots that they are open to the public for the purpose of vehicular traffic to the extent of patronizing the establishment. Patrons of the restaurants should be safe from people driving under the influence of alcohol in the parking lot of a tavern, pub or restaurant, as well as protected from them while driving on the highways to and from such an establishment. The purpose is certainly within the police power of the state to protect people from serious harm. The right of privacy on such lots is also severely limited because any member of the general public is welcome to drive on the lot if they wish to patronize the establishment. It seems very likely to this court that this is just the type of situation the legislature contemplates when they included trafficway in the Vehicle Code and allowed for the prosecution of serious traffic offenses committed on them. Parking lots are open to the public and are often not governed by the same traffic laws as to the highways of the Commonwealth. They are a dangerous enough place without the protection afforded by section 3101 from serious traffic offenses. The court finds the statute is clear and unambiguous. Serious traffic offenses committed on parking lots are covered by the Vehicle Code. Driving while under the influence of alcohol is a serious traffic offense. Therefore, defendant's motion to quash the information relating to the charge of driving while under the influence of alcohol, 75 Pa.C.S.A. §3731(a)(1), is hereby denied.

Defendant's argument that he cannot be charged with attempted driving under the influence of alcohol is also without merit. Section 107 of the Crimes Code provides as follows: "(a) General rule.—The provisions of Part I of this title . . . are applicable to

offenses defined by this title or *by any other statute.*" (Emphasis supplied.)

Section 901 of the Crimes Code, criminal attempt definition, is within Part I of that title and is defined as follows: "(a) Definition of *attempt.*—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."

The Vehicle Code in defining the prohibited act of driving under the influence of alcohol or a controlled substance specifically provided that any person violating the provisions of that section would be guilty of a misdemeanor of the third degree. The legislature, specifically in the Vehicle Code, provided this act to be a specific crime: 75 Pa.C.S.A. §3731(d). Therefore, in doing so, the provisions of section 107 and section 901 of the Crimes Code apply.

Likewise, this court is bound by the decision in Com. v. Cunningham, 248 Pa. Superior Ct. 219, 222, 375 A. 2d 66, 67 (1977), which held the provisions of section 901 of the Crimes Code applicable to crimes charged under The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-101 et seq. That court went further to say that a person indicted for a specific crime may be found guilty of an attempt to commit that crime under the same indictment. The court further said:

"Since a misdemeanor is a crime and since the Crimes Code addresses itself to all criminal conduct without distinction it is clear that the Crimes Code would also govern crimes defined in other statutes in the absence of any more specific legislation under another statute which would contradict that of the Crimes Code."

## ORDER

And now, June 1, 1981, for the reasons stated in the attached opinion, defendant's omnibus pretrial motion is hereby denied.