## McCrea v. PennDOT

*Donald J. Smith, assistant attorney general,* for the Commonwealth.

*Carolyn L. Carter,* for appellant.

KELLER, *P.J.,* January 24, 1992—

### FINDINGS OF FACT

(1) McCrea permitted his liability insurance coverage provided by General Accident Insurance Co. to lapse on May 21, 1991, because he could not afford to pay the premium.

(2) McCrea on or before May 21, 1991, parked his vehicle and did not thereafter operate it on any public roads or allow anyone else to operate it during the period of time the vehicle was not covered by liability insurance. He did move it from place to place in his own yard, and he did make various repairs to the vehicle during that time period.

(3) McCrea secured liability insurance coverage for the vehicle with Erie Insurance Co. on June 28, 1991, and since that date has operated the vehicle. To the best of his knowledge Erie Insurance Co. did send proof of insurance coverage to DOT.

(4) McCrea did not know his registration privilege was subject to being suspended for three months when he allowed his insurance to lapse. He also did not know there was a 21-day limit on reinstating insurance. He testified that had he known of the 21-day limit and the possibility of registration suspension, he would have surrendered his registration card and license plate to DOT at the time his insurance coverage terminated: all as provided in 75 Pa.C.S. §1786(g)(2).

(5) McCrea moved from 30 E. 3rd Street, Waynesboro, Pennsylvania to 238 Wayne Avenue, Waynesboro, Pennsylvania during the month of January 1991, but did not notify DOT of the move until Saturday, December 17, 1991.

(6) McCrea did not attempt to reply to the official notice of August 27, 1991, except by filing his petition for appeal and supersedeas.

(7) McCrea conceded that it is possible some other person could have driven his vehicle while it was uninsured, but he knew of no one who had done so.

## DISCUSSION

The appellant's insurance carrier terminated his automobile insurance on May 21, 1991. By official notice dated August 27, 1991, the Pennsylvania Department of Transportation, informed the appellant as follows:

"You were recently requested to provide proof of financial responsibility covering the operation of the described motor vehicle. This information was requested as a result of this bureau being notified by General Accident Insurance Co. of America that the insurance policy covering the vehicle terminated on May 21, 1991. Either no response was received or

the information you provided indicated a lapse in coverage in excess of 21 days.

*"To Prevent Suspension:*

"Submit a copy of your insurance identification card, the declaration page of your insurance policy, a valid binder of insurance, or an application for insurance to the Pennsylvania Auto Insurance Plan as evidence that the described motor vehicle was continuously covered by liability insurance. However, if there was a lapse in insurance coverage, you must provide this bureau with proof of insurance indicating an effective date of coverage of 21 days or less from May 21, 1991, and also provide an affidavit stating that the vehicle was not operated during this time. It is necessary for you to provide copies of the insurance documents and return with this notification. A self-addressed label is enclosed for your convenience.

*"Please Note: Original Documents Will Not Be Returned.*

*"If You Cannot Comply With These Instructions:*

"(1) Your registration privilege will be suspended for three months effective October 1, 1991, at 12:01 a.m. as authorized by section 1876(d) of the vehicle code.

"(2) You will be required to return your current registration card and license plate.

"(3) You will be required to pay a restoration fee in the amount of $50 to the department in accordance with section 1960 of the vehicle code.

"(4) If you do not comply with this notice, this bureau will refer this matter to the Pennsylvania State Police for prosecution under vehicle code section 1376(A)." (emphasis added)

Title 75 Pa.C.S. §1786(d) reads:

*"Suspension of registration and operating privilege*—The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility [has] was not [been] secured as required by this chapter *and shall suspend the operating privileges of the owner or registrant for a period of three months* if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege will not be restored until the restoration fee for the operating privilege provided by section 1960 (relating to reinstatement of operating privileges or vehicle registration) is paid. *Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility* in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960.

"This subsection shall not apply in the following circumstances:

"(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." (emphasis added)

Section 1786(d) addresses two separate issues: driver's licenses and vehicle registration. The Department of Transportation contends that the three-month suspension applies to driving privileges as well as vehicle registration. The appellant argues that the words

"for a period of three months" relate solely to suspension of the driver's *operating privileges,* and that the language pertaining to the suspension of the vehicle's registration does not set forth a fixed period of time that the suspension is to last. Furthermore, the appellant argues that the suspension of the owner's registration lasts only until he or she supplies DOT with adequate proof of reinstatement of financial responsibility.

This appears to be a case of first impression. Title 75 Pa.C.S. §1786 became effective on July 1, 1990. Counsel for the parties have provided no authority interpreting the section, and our independent research has been equally unproductive.

A statute which imposes the revocation of a personal operator's license and/or a vehicle registration combined with a fine is penal in nature. Penal statutes are to be strictly construed in favor of the accused. *Commonwealth v. Darush,* 256 Pa. Super. 344, 389 A.2d 1156 (1978); *Commonwealth v. Cunningham,* 248 Pa. Super. 219, 375 A.2d 66 (1977). If two inconsistent interpretations of statutory language are both reasonable, the benefit of doubt must inure to the defendant's position. *Commonwealth v. Teada,* 235 Pa. Super. 438, 344 A.2d 682 (1975).

The issue in the case at bar revolves around the words "and shall suspend the registration of a vehicle if it determines that the required financial responsibility was not secured...." A subsequent phrase of the section provides that DOT "shall suspend the operating privileges of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility."

The Commonwealth argues that the three-month suspension refers to the suspension of the vehicle registration. The appellant contends that the three-month penalty refers only to the driver's operator's license. We agree with the appellant that the Commonwealth has misinterpreted the statute.

It appears in the plain reading of section 1786(d) that the words in question, "three-month period," address the owner's driving privileges. A subsequent clause in the statute supports this view:

"Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration *until* the vehicle owner furnishes proof of financial responsibility."

This phrase clearly sets the appropriate registration renewal time as that time when the owner can furnish the department with proof of valid insurance coverage. It does not state a three-month suspension period *regardless* of when the registrant complies with the rules of financial responsibility.

It is true that the appellant did not know that subsection (1) of the statute (section 1786(d)) provided for a grace period of 21 days in which no suspension of registration privileges would result if he proved to DOT that he reinstated his liability coverage. The notice sent to the appellant, dated August 27, 1991, reads:

"Either no response was received or the information you provided indicated a lapse in coverage in excess of 21 days."

The notice did not state that there would be no suspension if the required insurance was reinstated within this grace period.

The notice from DOT to the appellant clearly states that if the appellant did not comply with the financial

responsibility provision of the statute by October 1, 1991, he would be required to return his current registration card and license plate. However, that same notice also advised the appellant that he would "have the right to appeal this suspension to the Court of Common Pleas of the county of your residence within 30 days of the mail date of this notice."

The date of the notice to the appellant was August 27, 1991. On September 26, 1991, the appellant filed a timely petition for appeal and supersedeas which stayed the appellant's registration suspension.

The appellant allowed his insurance to lapse on or before May 21, 1991, and he did not return his registration or his owner's card to DOT. At that time he parked the automobile in question on his property and to the best of his knowledge it had not been operated until June 28, 1991, when he did secure a liability policy with Erie Insurance Co. To the best of his knowledge the appellant supplied DOT with the required information concerning financial responsibility.

DOT's August 27, 1991, notice to the appellant clearly provided that if he could not supply proof of insurance he would be required to return to DOT both his vehicle registration card and his license plates at the time of suspension—October 1, 1991. Alternatively, he could choose to appeal the suspension to the Court of Common Pleas. The appellant chose the later course and took a timely appeal. From the time of notice until the time he was able to reinstate his insurance, the appellant parked the vehicle on his property and it remained there until he qualified for insurance with another company. At that time notice of coverage was provided DOT.

In our judgment the appellant complied with the requirements of section 1786(d), and therefore he may not be penalized by a three-month suspension of his

registration. Had the legislature intended to make re-instatement of registration privileges subject to a three-month penalty, it had demonstrated its ability to clearly and unequivocally say so as it did with regard to the three-month suspension of operating privilege.

## ORDER OF COURT

Now, January 24, 1992, the appeal of Scott McCrea is sustained, and the suspension of appellant's registration privilege is vacated.