## Beacon Warehouse, Inc., Appellant, *v.* City of Pittsburgh, Appellee.

Argued November 8, 1974, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*Gerald S. Lesher,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellant.

*Robert B. Smith,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, December 3, 1974:

This is the appeal by Beacon Warehouse, Inc. from an order of the Court of Common Pleas of Allegheny County dismissing its appeal from conviction by a magistrate of the City of Pittsburgh of violating a pro-

vision of the city's Fire Prevention Code. Judgment was entered against Beacon below for penalty and costs.

Beacon took possession of a warehouse in Pittsburgh in 1969. A sprinkler system, at least thirty years old, provided protection to about one-half of the building. In October, 1972 Beacon disconnected the sprinkler system to prevent water damage to merchandise by the freezing and bursting of pipes. In January of 1973, when the sprinkler system was inoperative, the building was destroyed by fire.

The Pittsburgh Fire Prevention Bureau investigated the fire. Thereafter, a captain of the city's Fire Prevention Division filed what is called a criminal complaint charging Beacon with a violation of Section 14.3 of the Pittsburgh Fire Prevention Code, which reads as follows: *"Sprinkler systems,* standpipe systems, fire alarm systems, and other fire protective or extinguishing systems or appliances *which have been installed in compliance with any permit or order, or because of any law or ordinance, shall be maintained in operative condition at all times, and it shall be unlawful for any owner or occupant to reduce the effectiveness of the protection so required*; except that this shall not prohibit the owner or occupant from temporarily reducing or discontinuing the protection where necessary to make tests, repairs, alterations or additions. The Chief of the Division of Fire Prevention shall be notified before such test, repairs, alterations or additions are started unless the work is to be continuous until completion." (Emphasis added.)

Although enforceable in summary proceedings, the Pittsburgh Fire Prevention Code is penal in nature and subject, therefore, to strict construction. Statutory Construction Act of 1972, 1 Pa. C.S. §1928(b)(1); *Commonwealth v. Anspach,* 134 Pa. Superior Ct. 369, 4 A. 2d 203 (1938); *see Pennsylvania State Real Estate Commission v. Keller,* 401 Pa. 454, 165 A. 2d 79 (1960). The

subjects of Section 14.3 are sprinkler systems which have been installed in compliance with a permit or order, or because of law or ordinance. The city did not prove at the hearing below that the sprinkler system in Beacon's warehouse had been installed in compliance with a permit or order and cited no law or ordinance which occasioned its installation. The Fire Prevention Code was not adopted until 1966.

The court below, after concluding erroneously that Section 14.3 was not subject to strict construction, reasoned from Section 1.2(a) of the Fire Prevention Code, making the Code's provisions generally applicable to existing conditions, and Section 14.4(c), requiring the installation of sprinkler systems in warehouses used for the storage of combustible goods, that the system in Beacon's warehouse, although installed many years before the enactment of the Code, had been installed "because of an ordinance" within the meaning of Section 14.3. This conclusion could be reached only by construing the words "have been installed because of an ordinance" as meaning "required to be installed by any ordinance"—a construction impermissible in this kind of case.

Beacon may well have violated Section 14.4(c) of the Code. It was not charged in the information with committing, nor convicted of, that offense.

Judgment reversed.