Commonwealth of Pennsylvania *v.* J. B. Sack, Pittsburgh Office Furniture, Appellants.

Argued October 25, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Robert A. Jarvis,* with him *Beck, McGinnis & Jarvis,* for appellant.

*D. R. Pellegrini,* Assistant City Solicitor, with him
*Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

OPINION BY JUDGE MENCER, February 2, 1977:

Several alleged violations of the Pittsburgh Fire
Prevention Code[1] (Fire Code) are the seeds of a tan-
gled and blighted case which this Court has been
called upon to examine. The case is tangled because
of the number of judicial entities which have become
involved; it is blighted because none of those entities
have yet allowed a hearing of the matter.

The City of Pittsburgh, through its Fire Preven-
tion Bureau, filed what is called a criminal com-
plaint[2] against J. B. Sack, Pittsburgh Office Furni-
ture (Sack) on May 22, 1975. Before a hearing could
be held before the magistrate of the housing court,
Sack filed a praecipe for a writ of certiorari with the
Court of Common Pleas of Allegheny County. The
writ was granted ex parte by Judge BROWN, and the
magistrate was directed to return to the prothonotary
of the common pleas court the record of the proceed-
ings and "all things touching on the subject," which
at this point consisted solely of the complaint. When,
two weeks later, the record was received, notice of the
writ of certiorari was sent to the City.

Thereafter, the City moved to quash the writ, con-
tending, *inter alia,* that such writ was not to be issued
prior to judgment by the magistrate. On August 15,
1975, Judge FARINO quashed the writ of certiorari and
directed that a hearing on the Fire Code violations
be held before the magistrate of the housing court.[3]
Prior to a hearing, however, Sack appealed to the Su-

---

[1] Pittsburgh, Pa., The Fire Prevention Code of the City of Pitts-
burgh (1966) (Ordinance No. 210, approved May 11, 1966).

[2] *See Beacon Warehouse, Inc. v. City of Pittsburgh,* 16 Pa. Com-
monwealth Ct. 16, 328 A.2d 585 (1974).

[3] It appears that at this time Judge BROWN was incapacitated.

perior Court. The City's subsequent petition to transfer the appeal to this Court was granted by the Superior Court on October 22, 1975.

Before us is the appeal of Sack from the order of Judge FARINO quashing the writ of certiorari and a motion by the City to quash the appeal because it is taken from an interlocutory order. Assuming, without deciding, that Sack's appeal is not from an interlocutory order, we will dismiss the appeal because the writ of certiorari was improperly granted.

Initially, we note that the housing court, as one of the preserved magistrate's courts of the City of Pittsburgh,[4] is subject to the Pennsylvania Rules of Civil Procedure before Justices of the Peace. Specifically, Pa. R.C.P.J.P. Nos. 1009 et seq., dealing with certiorari, apply to the housing court magistrate and proceedings before him. Rule 1009 at all times pertinent to these proceedings provided:

A. Unless he was the plaintiff in the action before the justice of the peace, a party aggrieved by a judgment may file with the prothonotary of the court of common pleas a praecipe for a writ of certiorari claiming that the judgment should be set aside because of lack of jurisdiction over the parties or subject matter, improper venue or such gross irregularity of procedure as to make the judgment void. If the party aggrieved by the judgment was the plaintiff in the action before the justice of the peace, he may file a praecipe for a writ of certiorari only on the last mentioned ground.

B. If lack of jurisdiction over the parties or the subject matter is claimed, the praecipe

---

[4] Pa. Const., art. V (1968), Schedule to Judiciary Article §21. *See generally* Comay, *The City of Pittsburgh Housing Court*, 30 U. Pitt. L. Rev. 459 (1969).

may be filed at any time. Otherwise it shall be filed within twenty (20) days from the date of the judgment.

·C. The praecipe shall identify the judgment complained of and the justice of the peace in whose office the record of the proceedings containing the judgment is filed.

D. The praecipe and the writ shall be on a form which shall be prescribed by the State Court Administrator.[5]

Sack contends that because subdivision B of Rule 1009 apparently provides that a praecipe may be filed before judgment, the writ may properly be issued and the record removed before judgment. We disagree.

Read in its entirety, Rule 1009, together with the other rules dealing with certiorari, does not provide for the filing of a praecipe for the writ before judgment. Subdivision A, for example, refers to a party other than the plaintiff who is *aggrieved by a judgment* and who may seek a writ claiming that the *judgment* be set aside. In addition, subdivision C states that the praecipe shall identify the *judgment* complained of. Rule 1014 provides that, if a court of common pleas finds in favor of the party obtaining the writ, it shall order that the *judgment* is set aside without prejudice to the cause of action. Clearly, subdivision B of Rule 1009 is limited to defining the latest time when a praecipe may be filed. It does not deal with how early an application may be made, which is defined by implication elsewhere.

We therefore hold that at the time in question the rules did not allow a praecipe for a writ of certiorari to be filed before judgment. Because in the instant

---

[5] This rule was amended January 29, 1976, such amendment to be effective in 20 days, to specifically limit the filing of the praecipe to a period commencing after judgment.

case a praecipe was filed and a writ of certiorari was issued prior to judgment, the rules were not followed. Thus we must affirm Judge FARINO's quashing of the writ and dismiss Sack's appeal. We specifically refrain from passing on whether proceedings concerning violations of the Fire Code are governed by civil or criminal rules since the civil rules are the only ones which provide for writs of certiorari and they have not been followed.[6] We note, however, that the effect of our holding here will be to replant this case in the housing court so that the hearing process, so long delayed, may begin.

Order affirmed.

ORDER

AND Now, this 2nd day of February, 1977, the order of the Court of Common Pleas of Allegheny County, dated August 15, 1975, is affirmed.

---

[6] Rule 67 of the Pennsylvania Rules of Criminal Procedure abolishes writs of certiorari in criminal proceedings. Thus, if Fire Code violations are governed by criminal rules, the issuance of the writ of certiorari here would likewise be improper.