Appeal of James M. Wadlow and Patricia M. Wadlow, his wife v. Zoning Board of Borough of Bellevue et al.

Borough of Bellevue, Appellant.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Michael Georgalas,* for appellant.

*Ernest V. Vesely, McMonigle and Vesely,* for appellees.

OPINION BY JUDGE ROGERS, November 16, 1981:

The Wadlows are the owners of a "strip shopping center" of seven stores along the Lincoln Highway in the Borough of Bellevue which parcel of land and related improvements house seven commercial tenants. In November, 1975, the Wadlows caused to be erected on the property a structure with a concrete base, upright supports, and a metal frame enclosing a sign giving the name of the center and seven additional signs, one for each of the tenants. The total area of the metal frame within which each of the eight signs is mounted is approximately 95 feet square. The Wadlows were cited for violating the applicable zoning provision which limits the size of all signs in the commercial district to 40 square feet. They then applied for a variance which was denied. On appeal a referee specially appointed by the Court of Common Pleas of Allegheny County concluded that the offending structure was not one oversized sign but seven (or eight) conforming signs incidentally located within the same frame and supported by the same base and uprights. The Court of Common Pleas adopted the decision of the referee without opinion. This appeal followed. We reverse.

The contested issue is one of law involving a construction of the word "sign" which is undefined in the zoning ordinance. The ordinance does not limit

the number of signs that a commercial landowner may erect on his property. It provides, in relevant part, only that:

> Any such signboard, billboard or other advertising device hereafter so erected, constructed or placed as such accessory use shall, in no event, exceed forty (40) square feet in size.

Of course this limitation is no limitation at all if as was here held, it is not violated by a structure more than twice the allowed size to which is affixed eight conforming signs. The legitimate legislative purpose in limiting the size of roadside signs to 40 square feet is as clearly thwarted by a single 95 square foot advertising structure composed of a patchwork of smaller signs as by a single 95 foot sign advertising the presence of one establishment. However, under the construction here reviewed the former would be prohibited and the latter permitted. Such a construction was, therefore, erroneous.

Order reversed.

### ORDER

AND Now, this 16th day of November, 1981, the order of the Court of Common Pleas of Allegheny County is reversed.