## David Aaron, Ltd., Appellant *v.* Borough of Jenkintown, Appellee.

Argued November 18, 1981, before President Judge CRUMLISH, JR. and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

578

*John F. X. Fenerty, Charleston & Fenerty,* for appellant.

*George B. Ditter,* with him *Frank W. Jenkins, Tarquini & Jenkins,* for appellee.

OPINION BY JUDGE PALLADINO, December 31, 1981:

This is an appeal from an order of the Court of Common Pleas of Montgomery County finding David Aaron, Ltd. (Appellant) guilty of a summary violation of the zoning ordinance of the Borough of Jenkintown (Borough). We affirm.

Appellant operates a jewelry store in the Borough, in front of which and at a right angle to is a permanent sign thirty-two square feet in size. In February, 1980, Appellant erected a second sign, which was temporary in nature and which was also located at a right angle to the store. The Borough Zoning Officer, viewing the aggregate size of the two signs as being well in excess of forty square feet, ordered Appellant to remove the temporary sign in a cease and desist order dated March 3, 1980, on the grounds that there was a violation of Section 16-32 of the Borough's zoning ordinance. Section 16-32 reads, in pertinent part:

a. The following types of signs and no other shall be permitted: . . .

5. *Signs in Commercial Districts,* or on the lower two floors of Special Use Districts, advertising a business conducted on the premises, or articles or merchandise for sale on the premises which shall not exceed forty (40) square foot in area when placed at right angles to a building; and shall not exceed one hundred sixty (160) square feet when placed upon the face or upon the same plane of a building. Signs not in accordance with these provisions may be allowed when authorized as special exception by the Zoning Hearing Board. On a corner lot, signs permitted by this subsection shall apply to each side of a building which faces and adjoins a street.

Appellant, contending that Section 16-32 permits an unlimited number of signs to be placed at right angles to a building so long as each sign measures less than forty square feet in size, refused to remove the temporary sign and was subsequently found guilty of a summary violation of Section 16-32 by a district justice.[1] The summary conviction was appealed and, following a de novo hearing, the Court of Common Pleas of Montgomery County also found Appellant guilty, holding that Section 16-32's forty square foot size limitation could be violated if the combined size of the signs exceeded forty square feet.[2]

----

[1] Following notification by the Zoning Officer that it was in violation of Section 16-32, Appellant applied for a permit for the temporary sign. The permit was denied on the grounds of the composite measure of the signs exceeding forty square feet.

[2] At some point *subsequent* to the filing which initiated the proceeding before the district justice for the summary violation, the Zoning Officer discovered that Appellant's temporary sign measured 43.02 sq. ft. Thus, the temporary sign, standing alone, was in violation of Section 16-32. The lower court addressed this fact as one of the reasons for its finding Appellant guilty of a violation. Appellant, however, has not challenged this portion of his conviction before this Court and we will not address it.

Before this Court, Appellant challenges its conviction on the grounds that the reference to "signs" in Section 16-32 is ambiguous and the interpretation that it means the aggregate measure of all signs placed at right angles to a building is contrary to law because it results in the prohibition of a land use by implication. We disagree.

Where, as here, the common pleas court has received additional evidence in deciding whether there has been a violation of a zoning ordinance, this Court's scope of review is to determine whether the lower court bused its discretion or committed an error of law. *Abbot v. Commonwealth,* Pa. Commonwealth Ct. , 425 A.2d 856 (1981). Since the instant case involves the interpretation of an ordinance, we must look to see that the restrictions imposed by the ordinance have been strictly construed and that they have not been interpreted so as to restrict the use of land by implication. *Fidler v. Zoning Board of Adjustment,* 408 Pa. 260, 182 A.2d 692 (1962).

In its decision below, the trial court found Appellant's interpretation of Section 16-32 to be an unreasonable one because

[t]he purpose of the ordinance is to protect the residents of Jenkintown and the shopping public from a proliferation of outlandish advertisements and to present an atmosphere of good taste in those areas. To permit an unlimited number of signs provided each does not exceed 40 sq. ft. in size would defeat this purpose. Whereas, if we interpret the ordinance as permitting signs to be erected whose combined sizes do not exceed 40 sq. ft., the purpose of the ordinance would clearly be served.

We agree with the lower court's analysis, *see Wadlow v. Zoning Board of Borough of Bellevue,* 62 Pa. Com-

monwealth Ct. 411, 436 A.2d 1245 (1981), and find it to be consistent with a strict construal of "signs" as contained in Section 16-32.

Appellant also challenges the common pleas court's ruling on the grounds that the Borough's zoning ordinance is unconstitutional both as an infringement on commercial speech and as being vague. It is evident from the record, however, that Appellant at no time raised these constitutional challenges for consideration by the trial court. Issues not raised before the trial are waived, *Department of Transportation Bureau of Traffic Safety v. Searer,* 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980), and will not be considered on appeal. *Chwatek v. Parks,* 450 Pa. 62, 299 A.2d 631 (1972).

Accordingly we enter the following

ORDER

AND Now, December 31, 1981, the decision of the Court of Common Pleas of Montgomery County in the above-captioned matter, No. 1178-80, is hereby affirmed.