441 A.2d 747

**CONEY ISLAND, II, INC., et al., Appellant,**

v.

**POTTSVILLE AREA SCHOOL DISTRICT, et al.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1982.

Decided March 10, 1982.

374

James J. Riley, Pottsville, submitted on paper book, for appellants.

Alvin B. Marshall, Richard Thornburg, Pottsville, for appellees.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

NIX, Justice.

The instant appeal raises the question as to the timeliness of a cross-appeal sought to be filed by appellant, Coney Island, II, Inc. (Coney). Specifically, we are being called upon to determine whether the 14-day period specified in Pa.R.A.P. 903(b) for the filing of a cross-appeal is extended by the terms of Pa.R.A.P. 121(e) where service of the notice of appeal was made by mail. A collateral question raised is whether the 14-day time period provided by Pa.R.A.P. 903(b) relates only to the first notice of appeal filed where more than one party to the action files a notice of appeal.

Coney, in conjunction with a number of other retail and wholesale merchants transacting business within the confines of the Pottsville Area School District (School District), appellees, and the Township of Norwegian (Township), instituted an action in equity challenging certain of the local tax ordinances.[1] The Court of Common Pleas of Schuylkill County entered a final decree on October 15, 1979 granting partially the relief sought by Coney.

On October 24, 1979, nine (9) days after the entry of the court's decree, Township filed a notice of appeal to the Commonwealth Court pursuant to the provisions of Pa.R. A.P. 903(a). On November 13, 1979, twenty-nine (29) days after the entry of the final order by the trial court, School District filed its notice of appeal. Notice of appeal filed by the School District was served upon Coney by first class mail, dated November 13, 1979. On November 28, 1979 (15 days after the filing of the School District's notice of appeal), Coney filed a cross-appeal on the issue of its liability for School District taxes for the year 1976.[2]

1. School District purported to act pursuant to the Local Tax Enabling Act, Act 511 of 1965, P.L. 1257, 53 P.S. § 6901, et seq.

2. Township did not impose a tax for the year 1976 and was, therefore, not concerned with the issue sought to be raised in the cross-appeal.

On December 17, 1979, the School District filed a motion to quash the cross-appeal filed by Coney on the grounds that it was not within the time constraints of Pa.R.A.P. 903(b). By order of January 7, 1980, the Commonwealth Court (per Bowman, P.J.) granted the School District's motion to quash. We granted Coney's request to review the order quashing its cross-appeal.

The general rule for the taking of an appeal requires that the notice of appeal must be filed within thirty (30) days after the entry of the order from which the appeal was taken. *See* Pa.R.A.P. 903(a). It is conceded that Coney's attempt to appeal from the order below was not within the 30-day period from the date of the trial court's order. It is Coney's position that its filing of the cross-appeal was timely under Pa.R.A.P. 903(b). Rule 903(b) in pertinent part provides:

..., if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.

It is first argued that Coney is not entitled to calculate the 14-day period allowed by rule 903(b) from the date of the filing of the last of the two notices of appeal. In this case, Township which first filed the notice of appeal served that notice upon Coney by first class mail dated October 24, 1979. It is obvious that if the 14-day period permitted by rule 903(b) must be computed from that point, the section would be of no avail to Coney in this particular situation. Thus the threshold question is whether the provision of rule 903(b) is restricted as urged by appellee.

Rule 903(b) was promulgated in recognition of the fact that a party who may not have been completely satisfied with the ruling below, may nevertheless be willing to accept the judgment where the other party to the action is also willing to rest upon that decision. However, if the opposing party seeks further redress, that party may, nevertheless, wish to preserve its unsuccessful positions as well as defend

those positions that were sustained. Such an approach is jurisprudentially sound in that it does not force the perpetuation of litigation out of an abundance of caution. The appellees in this case, of course, latch upon the phrase, "the date on which the first notice of appeal was filed." Ostensibly, that would appear to be conclusive. However, such a reading would not necessarily further the jurisprudential concern that occasioned the promulgation of the rule. That fact is graphically demonstrated by the facts of this case.

It must be remembered that rule 903(b) does not expand the time for appeal but merely provides an additional time to expand the scope of the issues to be decided in that appeal. If the 30-day period provided in rule 903(a) has expired, except for exceptional circumstances not here involved, the judgment below is final. Thus, any party dissatisfied must make the election to appeal within that 30-day period. What rule 903(b) provides is the opportunity for a party who initially may have been willing to stand by the terms of a judgment, but who was forced by the action of an adverse party to proceed further with the matter, to preserve positions initially advanced and rejected below.

In this case Coney sought to institute a cross-appeal to preserve for review the question as to whether the doctrine of laches precluded its challenge as to the 1976 tax promulgated by the School District. The appeal filed by Township did not raise that issue and that issue would not have been relevant in the dispute between Township and Coney. If we were to apply, as appellees suggests, the first notice of appeal rule to preclude Coney from the benefit of rule 903(b), we would in fact penalize them for not attempting to preserve an issue that was totally irrelevant in the appeal that they were at that period facing. It was not until the School District sought an appeal that the question became germane. It is our view that rule 903(b) in referring to the first notice of appeal wherein the question sought to be considered by the filing of the cross-appeal would be relevant. A contrary ruling would in effect, in consolidated matters, deprive parties of the benefit of cross appeal. Where an appeal is instituted by one party, the opposing side

would be forced to institute suit against all other participants in consolidated matters for fear that they, too, may institute an appeal at the ninth hour. Such a construction would not further the jurisprudential policy of eliminating unnecessary litigation.

The recognition that rule 903(b) is not an expansion of time within which to institute an appeal, but merely an extension of the period in which the scope of that appeal may be expanded, is also germane to the resolution of the question as to whether Pa.R.A.P. 121(e) is applicable to Rule 903(b). Rule 121(e) provides:

> **(e) Additional time after service by mail.** Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him (other than an order of a court or other government unit) and the paper is served by mail, three days shall be added to the prescribed period. Amended June 23, 1976, effective July 1, 1976.

The comment accurately reflected the intention of the Court in noting that rule 121(e) should not apply to the filing of a notice of appeal, a petition for allowance of appeal, etc. This is consistent with the text of rule 121(e) which excludes matters which are in response to an order of a court. The filing of the appeal is of course in direct response to the entry of the final decree, order or judgment and, therefore, the provisions of 121(e) are not applicable. However, rule 903(b) does not provide for the institution of the appeal. It merely broadens the scope of those questions to be decided in that appeal. The policies dictating the non-application of rule 121(e) in matters in response to orders of court are not applicable in instances where a cross-appeal is sought under rule 903(b).

Accordingly, we reverse the Order of the Commonwealth Court granting the motion to quash the cross-appeal and remand the cause to the Commonwealth Court for disposition on the merits.

ROBERTS and HUTCHINSON, JJ., concurred in the result.