In re Petition of the BOARD OF SCHOOL DIRECTORS OF THE HAMPTON TOWNSHIP SCHOOL DISTRICT FOR APPROVAL OF A PRIVATE SALE OF REAL ESTATE TO GRAZIANO CONSTRUCTION & DEVELOPMENT CO., INC. (Two Cases).

Appeal of Walter J. BLENKO, Jr. and Cathy J. Mall, Appellants.

Appeal of Amber F. BIERKAN and Barbara Millerschoen, Appellants.

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1996.

Decided Jan. 31, 1997.

Robert L. Byer, Pittsburgh, for appellants, Walter Blenko and Cathy Mall.

John H. Riordan, Jr., Pittsburgh, for appellants, Amber Bierkan and Barbara Millerschoen.

Donald J. Palmer, Pittsburgh, for appellee.

Before FRIEDMAN and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Walter J. Blenko, Jr. and Cathy Mall (objectors) appeal from an order of the Court of Common Pleas of Allegheny County (trial court), which granted the Hampton Township School District's (school district) petition for approval of private sale of real property to Graziano Construction & Development Co., Inc. (Graziano).

On July 19, 1995, the school district's board of directors (school board) issued a resolution, stating that the subject property was unused and unnecessary, and entered into an agreement to sell the property to Graziano by private sale for the sum of $950,-000. The July 19, 1995 resolution further directed the officers of the school board to petition the trial court for approval of the proposed sale, pursuant to the requirement set forth in section 707(3) of the Public School Code of 1949.[1]

Thereafter, the school district filed with the trial court a petition for approval of

---

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 7–707(3). Section 707(3) provides, in pertinent part, that:

> The board of school directors of any district is hereby vested with the necessary power and authority to sell unused and unnecessary lands and buildings ... subject to the following provisions.
>
>     *    *    *    *    *    *
>
> (3) At private sale, subject to the approval of the court of common pleas of the county in which the school district is located. Approval of the court shall be on petition of the board of school directors, which petition ... shall contain a full and complete description of the land proposed to be sold, a brief description and character of the building or buildings erected thereon, if any, the name of the prospective purchaser, the amount offered for the property, and shall have attached thereto an affidavit of at least two persons who are familiar with the values of real estate in the locality in which the land and buildings proposed to be sold are located, to the effect that they have examined the property, that the price offered therefor is a fair and reasonable one and in their opinion a better price than could be obtained at public sale, and that they are not interested, either directly or indirectly, in the purchase or sale thereof. Before the court may act upon any such petition it shall fix a time for a hearing thereon and shall direct that public notice thereof be given as provided in clause (1) of this section.

private sale of real estate (petition for approval of sale). Attached to the petition were two affidavits from real estate appraisers, who attested to the reasonableness of the price. A hearing on the school district's petition for approval of sale was scheduled for December 14, 1995.

Members of the public who opposed the sale attended the December 14, 1995 proceeding. The trial court asked what authority the objectors had to stop a sale of property that had been approved by a majority of the school board. Reproduced Record (R.) at 27a. Counsel for the objectors responded that the objectors were entitled to a hearing as to the fairness and reasonableness of the sale price of the property, pursuant to section 707(3) of the Public School Code of 1949. The trial court then asked: "Do you have to have a hearing on this?" *Id.*

Counsel for the objectors referred the trial court to section 707(3) of the Public School Code of 1949. The trial court stated that "[the statute is] just saying that you have to have a public sale if this property isn't a reasonable price." *Id.* Counsel for the school district reminded the trial court that it had provided the affidavits of two real estate experts indicating that the price was fair. R. at 27–28a. However, counsel for the objectors advised the trial court that the fairness of the sale was at issue. R. at 29a. Counsel for the objectors further explained that he believed that the appraisers had based their evaluation on an inappropriate zoning classification and that the price, therefore, was not fair and reasonable. R. at 29a. As such, counsel for the objectors stated that he wished to question the appraisers. R. at 33a. The trial court subsequently informed the parties that it would review the matter and determine whether the objectors were entitled to a public hearing. R. at 34a.

Thereafter, the trial court issued an order granting the school district's petition for approval of sale. In an opinion in support of its order, the trial court stated that the school district had satisfied its burden by adopting the resolution and by complying with the statute. The trial court further concluded that the objectors had failed to establish that a higher bid was offered or that the purchase price was unreasonable. In addition, the trial court noted that it would have the discretion to approve the proposed sale even if the school district had received a higher offer for the subject property, pursuant to *Divine Providence Hospital Appeal,* 31 Pa.Cmwlth. 431, 376 A.2d 1009 (1977). The objectors appealed the trial court's order to this court.[2]

In this appeal, the objectors present the following issue for our review: In granting a contested petition by a school board for approval of a private sale of real estate, did the trial court commit reversible error by failing to conduct a hearing as required by section 707(3) of the Public School Code of 1949?[3]

The objectors argue that a trial court cannot approve a private sale without first con-

---

**2.** By order of February 14, 1996, this court consolidated Blenko and Mall's appeal with a cross-appeal filed by other objectors to the sale, Amber F. Bierkan and Barbara A. Millerschoen. However, upon further review of the record, we have determined that the cross-appeal filed by Bierkan and Millerschoen is *not* a valid cross-appeal because Bierkan and Millerschoen are not adversaries of Mall and Blenko. In fact, the parties filed a joint brief.

Pa.R.A.P. 903(b) provides the "opportunity for a party who may have been willing to stand by the terms of a judgment, but who was forced by the action of an *adverse party* to proceed further with the matter, to preserve positions advanced and rejected below." *Coney Island II, Inc. v. Pottsville Area School District,* 497 Pa. 373, 378, 441 A.2d 747, 749 (1982) (emphasis added). Because the appeal filed by Bierkan and Millerschoen was not a valid cross-appeal, Pa.R.A.P. 903(b), which allows a party to file a cross-

appeal within fourteen days of the filing date of the first notice of appeal, is not applicable.

Bierkan and Millerschoen could have filed an appeal, rather than a cross-appeal, from the December 15, 1997 order of the trial court. However, if they chose to exercise this prerogative, they were required to do so within thirty days of the entry of the trial court's order, pursuant to Pa.R.A.P. 903(a). Therefore, the notice of appeal filed by Bierkan and Millerschoen was untimely and must be quashed. *See Thorn v. Newman,* 113 Pa.Cmwlth. 642, 538 A.2d 105 (1988) (holding that an untimely appeal must be quashed absent a showing of fraud or a breakdown in operations of the court).

**3.** In an appeal from an order granting a school district's petition for private sale of real estate, our scope of review is to determine whether the trial court abused its discretion. *See Petition of the School District of Pittsburgh,* 376 A.2d at 1011.

ducting a hearing to determine whether "the price offered" for the property "is a fair and reasonable one and ... a better price than could be obtained at a public sale...." 24 P.S. § 7–707(3). The objectors further contend that the December 14, 1995 proceeding did not constitute a hearing for purposes of section 707(3) of the Public School Code of 1949, and that the trial court, therefore, failed to satisfy a condition precedent to its approval of the sale.

In support of their position, the objectors cite our Supreme Court's decision in *Unora v. Glen Alden,* 377 Pa. 7, 104 A.2d 104 (1954). In *Unora,* the Pennsylvania Supreme Court reversed a decision of the former Workmen's Compensation Board, which had determined a disability issue without conducting a statutorily required hearing. In reaching its decision, the Supreme Court reasoned that:

> A hearing is not granted to a litigant simply to provide him with a forum for rhetorical expression. The right to be heard constitutes not only the right to talk; it includes the right on the part of the litigant to listen to what the tribunal has to say and to offer advice and counsel. The right to be heard encompasses the right also to give ear to one's adversary and to object, if necessary.

*Id.* at 11–12, 104 A.2d at 106; *see also Kurren Appeal,* 417 Pa. 623, 208 A.2d 853 (1965) (explaining that requirement of public hearing "contemplates more than mere *attendance* by the public; it connotes a meeting which the public has the right to attend *and* the right to be *heard.*") (emphasis in original). The objectors further rely on *Petition of Fried–El Corporation,* 81 Pa.Cmwlth. 493, 474 A.2d 713, 718 (1984) (holding that hearing requires creation of evidentiary record to enable judicial review).

Although the cases cited in the preceding paragraph are based on statutes other than the one at issue, they offer guidance as to the purposes of a statutorily mandated hearing. In the matter herein, the December 14, 1995 proceeding did not satisfy these purposes. The public did not have the opportunity to offer evidence or to be heard.[4]

The school district maintains that the objectors had a full opportunity to participate at the December 14, 1995 proceeding, but failed to: offer a higher bid, proffer affirmative substantive evidence of unreasonableness of price, or allege fraud or an abuse of discretion on the part of the school board. Furthermore, the school district contends that the trial court properly recognized that the objectors' position was based on the desirability or wisdom of the sale, which are discretionary matters, and believed that the requested "testimonial proceedings" would have been irrelevant. These arguments are without merit.

The hearing in question was not discretionary, but statutorily required. As such, it is inappropriate to suggest that objectors were required to prove their entitlement to a hearing by presenting offers of proof or to speculate that the objectors would have presented irrelevant testimony if a hearing had been held.

Finally, the trial court's reliance on *Divine Providence Hospital Appeal* is misplaced. In *Divine Providence Hospital Appeal,* we vacated a trial court's order disapproving a private sale of property on the basis of an insufficient record. *Id.* 376 A.2d at 1011. In the course of our analysis, we acknowledged that in some circumstances, a trial court would have to approve a private sale even in the face of a higher offer. *Id.* at 1011 n. 1. A reading of our opinion in *Divine Providence Hospital Appeal* in its entirety nevertheless illustrates that judicial discretion does not obviate the requirements of a proper hearing and evidentiary record. In determining that it was necessary to remand the case to the trial court, this court stated that:

> The absence of any official record of the July 30, [sic] hearing leaves us in the dark as to what transpired at that time. If offers substantially in excess of the [appellant's] agreement price were brought to the court's attention at that hearing, the lower court's disapproval of the private sale would be proper.

*Id.* at 1011 (footnote omitted).

In light of the foregoing discussion, we hold that the trial court abused its discretion

4. *See* R. at 30. Although counsel for the objectors stated that he was prepared to call witnesses

on December 14, 1995, the trial court did not permit him to do so.

by failing to conduct a proper hearing on the school district's petition for approval of sale. Accordingly, the order of the trial court is vacated, and the case is remanded to the trial court, which is directed to conduct an evidentiary hearing regarding the fairness and reasonableness of the price offered by Graziano, pursuant to section 707(3) of the Public School Code of 1949.

### ORDER

NOW, this 31st day of January, 1997, it is ordered that (1) the appeal of Amber F. Bierkan and Barbara Millerschoen, at 297 C.D.1996 is quashed; and (2) the order of the Court of Common Pleas of Allegheny County, dated December 15, 1995, at No. G.D. 95–17805, is vacated and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.