**COMMONWEALTH of Pennsylvania**

v.

**STONE AND COMPANY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2001.

Decided Nov. 28, 2001.

---

Bernard T. McArdle, Greensburg, for appellant.

Craig H. Alexander, Murrysville, for appellee.

Before PELLEGRINI, Judge, FLAHERTY, Senior Judge and RODGERS, Senior Judge.

FLAHERTY, Senior Judge.

Stone and Company (Appellant) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) finding it guilty of three summary violations of the Municipality of Monroeville (Municipality) ordinance caused by noise emanating from the operation of heavy construction or excavation machinery. We reverse.

Appellant operates a concrete batch plant in Municipality.[1] On September 15, October 3 and October 12, 2000, Appellant was cited by Municipality for violating Municipality Ordinance No. 455, Section 263–1 (Ordinance):

> The operation of heavy construction or excavation machinery, such as bulldozers, high lifts, pumps, power shovels, backhoes, jackhammers or any other type of machinery which is inclined to cause noises sufficient to disturb the peace and tranquility of the general public or any portion thereof shall be prohibited in the entire Municipality of Monroeville between the hours of 11:00 p.m. and 7:00 a.m.

Specifically, Appellant was cited for the "operation of machinery during prohibited hours". R.R. at 2a–4a. The time of operation was recorded as 4:15 a.m., 5:00 a.m. and 3:54 a.m., respectively. *Id.*

A District Justice found Appellant guilty of all three citations. This matter was then appealed to the trial court. A trial *de novo* was conducted during which Municipality's Zoning Officer, Shelly Kaltenbaugh, appeared. *See* Pa. R.Crim. P. 462. The Zoning Officer testified that, prior to the issuance of the citations, Appellant admitted at a zoning hearing board meeting that it had previously violated the Ordinance. Appellant's transcribed testimony from the zoning board meeting was admitted over Appellant's objection. R.R. at 13a.

Municipality's Zoning Enforcement Officer (ZEO), Edward Diel, also testified that he visited Appellant's plant on September 15th and observed that backhoes were loading the mixers with stone. The ZEO stated that he went to a residential area and "heard the noise from the mixing plant, the operation of loading stone." R.R. at 18a. The ZEO returned to the plant on October 12th and observed that the trucks were in operation and being loaded. Further, he observed the mixer being loaded with stone. The ZEO stated that there were complaints from the neighborhood about Appellant's plant and that a petition was submitted by the neighborhood to the zoning hearing board. The ZEO testified that he went into the residential neighborhood on October 12th and could hear the "machinery going. You could hear the back-up alarm in the truck and backhoe." R.R. at 19a. On cross-examination, the ZEO stated that he could not discern whether the back-up alarm was from a truck or another piece of machinery. The trial court accepted the testimony of the Zoning Officer and the ZEO as credible and found Appellant guilty as charged and imposed fines totaling over $1,800.00.

■ Appellant raises three issues before this Court. First, whether the citations should be dismissed because the Ordinance does not specifically prohibit the operation

---

1. Raw materials in the form of water, cement, sand and course aggregate, *e.g.*, gravel or crushed stone, are manufactured into concrete at concrete batching plants which store, convey, measure and discharge these constituents into trucks for transport to a job site.

Environmental Protection Agency, Pub. No. AP–42, Compilation of Air Pollution Emission Factors, vol. 1, ch. 11.12.1 (5th ed.1995), *available* *at* http://www.epa.gov/ttn/chief/ap42/.

of a concrete batch plant. Next, whether the Commonwealth has met its burden of proof that the volume of noise disturbed the peace and tranquility of the public. Finally, whether the Ordinance is unconstitutionally vague since it fails to delineate how much noise is too much noise.[2]

■ Appellant first asserts that the Ordinance is penal in nature because it provides for the imposition of a fine and, potentially, incarceration and, therefore, it is subject to strict construction. *See* 1 Pa.C.S. § 1928(b)(1) (mandating strict construction of penal provisions). Penal statutes are statutes that define criminal offenses and specify their corresponding fines and punishment. *Commonwealth v. Henderson*, 444 Pa.Super. 170, 663 A.2d 728, 733 (1995) (holding that since provisions of the Motor Vehicle Code governing the use of seat belts impose fines, then the provisions are penal in nature and must be strictly construed). In *Beacon Warehouse, Inc. v. City of Pittsburgh*, 16 Pa. Cmwlth. 16, 328 A.2d 585, 586 (1974), we determined that although violations of a city fire prevention code were enforceable in summary proceedings, the code was still penal in nature and subject to strict interpretation. We similarly conclude that Section 263, which provides for the summary conviction, fine and incarceration for a failure to pay the fine, is penal in nature.

■ As such, Appellant contends the Ordinance should be strictly interpreted and applied to only heavy construction or excavation machinery. Thus, the Ordinance should not be applied to the operation of a concrete batch plant or any other manufacturing facility. The Pennsylvania Supreme Court has recently stated:

[P]enal statutes are to be strictly construed. The need for strict construction does not require that the words of a penal statute be given their narrowest possible meaning or that legislative intent be disregarded, nor does it override the more general principle that the words of a statute must be construed according to their common and approved usage.

It does mean, however, that where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. More specifically, where doubt exists concerning the *proper scope of a penal statute*, it is the accused who should receive the benefit of such doubt. Significantly, a court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.

*Commonwealth v. Booth*, 564 Pa. 228, 234, 766 A.2d 843, 846 (2001) (citations omitted) (footnote omitted) (emphasis added). Accordingly, we must construe the scope of the Ordinance as a penal measure when determining whether Appellant's operations at its concrete batch plant are covered by it. We agree with Appellant's position that the Ordinance does not extend to manufacturing facilities, *per se*.

A plain reading of the Ordinance indicates that Section 263–1 was drafted to encompass only the operation of heavy construction or excavation machinery. "Operation" is clearly the subject of the sentence and is modified by "heavy con-

---

**2.** Where the trial court has received additional evidence in deciding whether there has been a summary violation of an ordinance, our scope of review of these issues is limited to whether the trial court has abused its discretion, committed an error of law or appellant's constitutional rights were violated. *See David Aaron, Ltd. v. Borough of Jenkintown*, 63 Pa.Cmwlth. 577, 439 A.2d 1322, 1324 (1982); *Commonwealth v. Ebaugh*, 783 A.2d 846 (Pa.Cmwlth.2001).

struction or excavation equipment" and not by "any other type of machinery", which latter phrase only further modifies "heavy construction or excavation equipment". Further, the modifying phrase, "any other type of machinery" is placed at the end of a series of examples of heavy construction or excavation machinery. The placement of "any other type of machinery" following "bulldozers, high lifts, [etc.]" clearly refers only to other types of heavy construction or excavation machinery and does *not* imply a limitation based on the operation of *all* types of machinery. Further, Section 263–1 could have encompassed all types of machinery simply by first stating that it prohibited the operation of all types of machinery including, but not limited to, heavy construction or excavation machinery, such as bulldozers, etc., at the desired times. The only machinery covered under the scope of Section 263–1 of the Ordinance is heavy construction and excavation machinery and not manufacturing machinery, including a batch plant that manufactures concrete.

■ In any event, even if the concrete batch plant had been within the limitations of the Ordinance, the Commonwealth failed to prove that the machinery used by Appellant was generating noise sufficient to disturb the peace and tranquility of the public. In summary offense cases, the Commonwealth is required to establish that one's guilt is beyond a reasonable doubt. *See Commonwealth v. Karl*, 340 Pa.Super. 493, 490 A.2d 887, 890 (1985). Appellant challenges the sufficiency of the evidence of its conviction. We must, therefore, view all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984). The test of sufficiency of evidence is whether the trial court, as trier of fact, could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. *Id.* In the matter *sub judice*, the trial court conducted a trial *de novo*, therefore, our scope of review is limited to the evidence and testimony received by the trial court.

In order to demonstrate that Appellant violated the Ordinance, the Commonwealth had the burden of proving the following elements:

1) The operation of heavy construction or excavation machinery;

2) Inclined to cause noises sufficient to disturb the peace and tranquility of the general public or any portion thereof; and

3) Between 11:00 p.m. and 7:00 a.m.

As stated in our discussion of the scope of the Ordinance, there is not a *per se* prohibition on the operation of all machinery. Rather, the Ordinance prohibits the operation of heavy construction or excavation machinery "which is inclined to cause noises sufficient to disturb the peace and tranquility of the general public". Appellant contends that the Commonwealth also failed to satisfy the second element of the Ordinance. The trial court, however, stated that the Municipality satisfied this burden because the general public previously complained about the noise. R.R. at 21a–22a. To arrive at this conclusion, the trial court must have assumed that the type of machinery previously operated by Appellant, which was the source of the neighbor's prior complaints, was the same machinery operated on September 15th, October 3rd and October 12th and the noise was the same or greater on this occasion.

The parties dispute the evidentiary value of the neighborhood's prior complaints. These complaints were supposedly ex-

pressed to the zoning board, via petition, prior to the issuance of the first citation.[3] Further, Appellant apparently admitted before the zoning board on September 6, 2000, that it previously violated the Ordinance.[4] *The certified record before this Court*, however, does not support the assertion that Appellant's operations had previously disturbed the neighbors, *i.e.*, the general public. First, the neighbor's complaint petition is not part of the record. Next, there is no testimony that the *type* of machinery operated by Appellant before the citation was inclined to disturb the peace and tranquility. Finally, there is no evidence that the same *type* of machinery caused both the neighbors to complain and the citations to be issued. Therefore, there is no evidence to support the conclusion that Appellant engaged in the same conduct, *e.g.*, operated the same type of machinery which neighbors previously stated disturbed their peace and tranquility.

We cannot merely take notice that backhoes, trucks and mixers are noisy. The Ordinance requires that the operation of machinery be "inclined to cause noises sufficient to disturb the peace and tranquility of the general public." This is an element of the offense with which Appellant has been charged and the burden is on the Commonwealth to prove every element beyond a reasonable doubt. *See Commonwealth v. Snyder*, 688 A.2d 230 (Pa. Cmwlth.1996) (lack of evidence establishing elements of ordinance renders conviction invalid); *accord Commonwealth v. Battaglia*, 725 A.2d 192 (Pa.Super.1999). Just as the penal provision is subject to strict interpretation, it must also be strictly applied. This Court cannot relieve the Commonwealth of a burden by taking notice.

We must, therefore, ascertain whether testimony or evidence exists in the record concerning the operation of machinery by Appellant on September 15th, October 3rd and October 12th. The ZEO testified that he heard noise from Appellant's early morning operations on September 15th and October 12th, however, he did not testify about the character or sufficiency of the noise which inclined it to disturb the peace. In addition, neither the police officer nor zoning officers testified about the noise level from Appellant's operations on October 3rd.[5] Thus, the Commonwealth

---

3. There is a reference to a petition submitted to the zoning hearing board from the neighborhood. R.R. at 19a. We assume that the topic of the petition is Appellant's operations; however, this petition was not admitted as evidence.

4. The zoning board transcript is not contained in the record certified by the trial court. Over Appellant's objection, the zoning hearing board transcript was introduced in the following manner:

   *Counsel for Commonwealth:* Let me read it into the record . . .

   . . . .

   *Counsel for Commonwealth:* I know we have in fact broke Ordinance 455 in regard to the way it is written. That is on pages 14, 25 and 42 of the transcript. I would argue this is a declaration against interest and should be admissible.

R.R. at 13a. The trial court did not address Appellant's declaration in its opinion other than to conclude that Appellant consciously disregarded the Ordinance. Whether Appellant disregarded the Ordinance is not relevant to whether it violated the Ordinance. In this matter, such evidence may be relevant for purposes of sentencing but not for determining guilt.

5. The trial transcript indicates that the police took photographs of Appellant's operations on October 3, R.R. at 14a–15a, but the record certified by the trial court does not contain the photographs. Nor does the transcript indicate that the photographs were admitted into evidence. Further, there is no testimony describing the content of the pictures other than they represent Appellant's operations.

failed to prove that Appellant's operation of the machinery violated the noise requirements of the Ordinance even if the concrete batch plant was considered "heavy construction or excavation machinery". Accordingly, we conclude that there is insufficient evidence to prove beyond a reasonable doubt that the operation of Appellant's machinery disturbed the peace and tranquility of the general public.[6]

Consequently, there is a dearth of evidence to support Appellant's convictions. The order of the trial court is reversed.

This decision was reached prior to the death of Senior Judge RODGERS.

### ORDER

AND NOW, this 28th day of November, 2001, the order of the Court of Common Pleas of Allegheny County finding Stone and Company guilty of three summary violations of the Municipality of Monroeville Ordinance 455, Section 263–1 pertaining to the operation of heavy construction or excavation machinery is hereby reversed.

---

**6.** It is, therefore, not necessary to decide Appellant's final issue of whether the Ordinance is unconstitutionally vague on the grounds that it fails to provide fair notice of how much noise is too much noise. It is interesting to note, however, that the noise ordinance of Municipality governing *landfill* machinery specifies definite decibel levels which are used for establishing a violation as opposed to the "disturb the peace and tranquility" standard used for heavy construction or excavation machinery.