IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    : No. 301 C.D. 2016
       v.     : Submitted: August 19, 2016
    :
William D. Anderson,     :
    :
       Appellant     :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: December 20, 2016

William D. Anderson (Anderson) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) that adjudicated him guilty of summary offenses for violating the West Homestead Borough (Borough) Property Maintenance Code (Code)[1] and imposed a total fine of $3,300 plus costs. Anderson contends the trial court erred or abused its discretion because the Borough did not present sufficient evidence to prove his guilt and he was previously acquitted of the same offenses. Discerning no error, we affirm.

Anderson is the owner of residential property located at 6912 Sarah Street in the Borough, Allegheny County, Pennsylvania (property). In April 2015, Sean Jacobs, the Borough's Code Enforcement Officer (Code Officer) inspected the property and notified Anderson about the Code violations and provided an

---

[1] Section 11-101 of the Borough's Code of Ordinances (Ordinance).

abatement date of May 9, 2015.  Then, on June 30, 2015, Code Officer filed four citations against Anderson for violating Sections 109.1, 302.7, 304.1, and 304.2 of the Code.

Section 109.1 of the Code provides:

> **Imminent danger.**  When, in the opinion of the code official, there is imminent danger of failure or collapse of a building or structure which endangers life, or when any structure or part of a structure has fallen, and life is endangered by the occupation of the structure, or when there is actual or potential danger to the building's occupants . . . , the code official is hereby authorized and empowered to order and require the occupants to vacate the premises forthwith . . . .

Section 302.7 of the Code provides:

> **Accessory structures.**  All accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

Section 304.1 of the Code, pertaining to "Exterior Structure," provides:

> **General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

Section 304.2 of the Code provides:

> **Protective treatment.**  All exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. . . . .

Section 11-217.2 of the Ordinance, which governs violations and penalties, provides:

2

Whoever violates or fails to comply with any of the provisions of this Part, or code, or fails to correct, within the time set by this Part, the defects for which a dwelling has been cited, shall be subject to the provisions of this Part. Any person, partnership or corporation who violated any of the provisions of this Part shall upon conviction in a summary proceeding, be fined not less than $600 nor more than $1,000, and in default of the payment of the fine and costs, shall be committed to the Allegheny County jail for a period not to exceed 30 days. The court shall designate, in the case of a partnership or corporation, which partner/principal or corporate officer shall be imprisoned. A separate offense shall be deemed committed each day during or on which a violation or noncompliance occurs or continues.

Anderson pled not guilty. The matter was heard by a magisterial district judge, who found Anderson guilty of all offenses and assessed fines against him. Anderson filed notices of appeal from each summary conviction.

The trial court, presided by Judge Paul F. Lutty, Jr., held a non-jury, *de novo* trial on the summary appeals. The Borough presented the testimony of Code Officer and documentary evidence, including photographs of the property taken on August 10, 2015 (Commonwealth Exhibit No. 3), and January 22, 2016 (Commonwealth Exhibit No. 4) (photograph exhibits).

Based on the evidence and arguments presented, the trial court entered a verdict of guilty on all counts and directed Anderson to pay $3,300 plus costs. Anderson's appeal to this Court followed.

On appeal,[2] Anderson contends that the trial court erred or abused its discretion because its decision is not supported by substantial evidence and the

---

[2] Where the trial court receives additional evidence in deciding whether there was a summary violation of an ordinance, our review is limited to determining whether constitutional **(Footnote continued on next page…)**

3

citations should have been dismissed because he was previously prosecuted and acquitted for the same offenses.

## A. Substantial Evidence

In summary offense cases, the prosecution is required to establish a person's guilt beyond a reasonable doubt. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 22 (Pa. Cmwlth. 2015). When evaluating the sufficiency of the evidence, we examine:

> whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the prosecution, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Id*.

Here, Code Officer testified he first inspected the property in April 2015. Notes of Testimony (N.T.), 1/26/16, at 5. He issued a violation notice based on violations of the Code with an abatement date of May 9, 2015. N.T. at 6; Commonwealth Exhibit No. 1. Code Officer testified Anderson did not abate any of the violations. N.T. at 6. On June 30, 2015, Code Officer issued four citations against Anderson for violating Sections 109.1 (imminent danger), 302.7 (accessories structures), 304.1 (unsafe deck stairs) and 304.2 (protective treatments). Commonwealth Exhibit No. 2. Code Officer testified he took photographs of the property on August 10, 2015, and January 22, 2016,

---

**(continued…)**

rights were violated or whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Stone*, 788 A.2d 1079 (Pa. Cmwlth. 2001).

4

(Commonwealth Exhibit Nos. 3 and 4), which accurately depict the state of property and the Code violations. N.T. at 10-11, 15.

With regard to the imminent danger violation, Section 109.1, Code Officer testified he based this citation on a protruding retaining wall, which abuts a public sidewalk located in front of the property. N.T. at 8, 9; *see* Commonwealth Exhibit Nos. 3 and 4. Code Officer testified the wall is protruding 15 degrees past the steps and is in danger of collapsing. N.T. at 7, 8, 9. In its current condition, he opined the wall is a source of imminent danger because it could cause serious bodily injury to persons walking by on the sidewalk if it collapsed. N.T. at 9, 11, 14. The photograph exhibits show the deteriorated condition of the wall and that it is bowing out towards the sidewalk. Commonwealth Exhibit Nos. 3 and 4.

In addition, Code Officer testified the condition of the wall is a violation of Section 302.7 of the Code, which requires accessory structures, such as walls, to be maintained structurally sound and in good repair. N.T. at 11-12.

As for the exterior structure violation, Section 304.1, Code Officer testified he issued this citation because the property is not being maintained in good repair. Code Officer, with the aid of the photograph exhibits, testified the door is pulling away from the actual building structure. N.T. at 9; Commonwealth Exhibit Nos. 3 and 4. Some of the siding is missing. N.T. at 9; Commonwealth Exhibit Nos. 3 and 4. He testified "the steps and everything is [sic] chipping off of the structure." N.T. at 9.

Finally, Code Officer testified he issued the protective treatment citation, Section 304.2, because there is no protective covering or treatment on the house to protect it from the elements. N.T. at 10. Specifically, he testified the back porch is missing siding and wood. N.T. at 10. In addition, the photograph

5

exhibits show missing material and a lack of protective treatment on the structure. Commonwealth Exhibit Nos. 3 and 4.

Since sending the violation notice in April 2015, Code Officer testified there has been no significant abatement of any of these violations. N.T. at 12. Code officer also compared the pictures he took on August 10, 2015, and January 22, 2016, and testified there were no material changes or improvements made between those dates. N.T. at 11.

Upon review, Code Officer's testimony and the photograph exhibits constitute substantial evidence in support of the summary offenses charged. Anderson offered little to rebut the Borough's evidence. His only defense regarding the wall was that no one knew for sure if the wall would collapse. N.T. at 19-20. Thus, the trial court did not err or abuse its discretion in finding Anderson guilty of the summary offenses.

## B. **Double Jeopardy**

Next, Anderson claims the trial court erred in finding him guilty of violating the Code because he was previously found not guilty of violating the same Code provisions for the same property in 2014. Although Anderson presented this issue as a res judicata[3] claim, we believe his argument is more

---

[3] As this Court holds:

> Res judicata encompasses two related yet distinct principles: technical res judicata and collateral estoppel. Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment.

**(Footnote continued on next page…)**

appropriately framed as a double jeopardy claim. *See Commonwealth v. States*, 938 A.2d 1016, 1020 (Pa. 2007) (double jeopardy forbids the state from offending the collateral estoppel rule in the criminal context).

Under the Double Jeopardy Clauses of both the United States and Pennsylvania Constitutions, as well as under the Crimes Code,[4] a second prosecution for the same offense is prohibited. *See* U.S. CONST. amend. V; PA. CONST. art. I, §10; 18 Pa. C.S. §109(1). This rule barring retrial is confined to cases where the prosecution's failure to meet its burden is clear and a second trial would merely afford the prosecution another opportunity to supply evidence that it failed to put forth in the first proceeding. *Commonwealth v. Gibbons*, 784 A.2d 776 (Pa. 2001). "[D]ouble jeopardy protections may be asserted for a violation of a municipal ordinance." *Dennis*, 114 A.3d at 19.

Here, in 2014, the trial court, presided by Senior Judge Lester G. Nauhaus, considered similar Code violations against Anderson for the same property. N.T. at 17. Judge Nauhaus found Anderson not guilty, but warned Anderson that "you are going to be back unless you do something." Trial Court Opinion, 5/5/16, at 4.

Although the 2015 citations involved the same property, the same defendant and similar Code violations as the 2014 citations, they are not based on the same facts. Rather, the violations cited in this case are based on the condition

---

**(continued…)**

*Blair v. Bureau of Professional and Occupational Affairs, State Board of Nursing,* 72 A.3d 742, 755 n.13 *(quoting J.S. v. Bethlehem Area School District*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002)).

[4] 18 Pa. C.S. §§101-9402.

of the property in 2015, not in 2014. The fact that the property was deemed not in violation in 2014 does not mean it is not in violation in 2015. Moreover, each day a violation or noncompliance occurs or continues constitutes a new and separate offense. Section 11-217.2 of the Ordinance. Thus, double jeopardy protections did not attach to the new or continuing violations of the law. To conclude otherwise would in essence provide Anderson a "free pass" to violate the Code. *See Dennis*, 114 A.3d at 20.

Upon review, we conclude the respected trial court did not err or abuse its discretion or violate Anderson's constitutional rights. Accordingly, we affirm.

MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    : No. 301 C.D. 2016
v.     :
    :
William D. Anderson,     :
    :
Appellant     :

O R D E R

AND NOW, this 20th day of December, 2016, the order of the Court of Common Pleas of Allegheny County, dated January 26, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge