J. S51033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL FISCHETTI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 694 EDA 2018 |
| | : | |
| LISA MARIE FISCHETTI | : | |

Appeal from the Order, January 25, 2018,
in the Court of Common Pleas of Wayne County
Civil Division at No. 221-2014 DR

BEFORE:  DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 23, 2018**

Michael Fischetti ("Husband") appeals from the January 25, 2018 order denying his petition for special relief to terminate his contractual alimony obligation to his former wife, Lisa Fischetti ("Wife"), entered in the Court of Common Pleas of Wayne County.  We quash.

The record reflects that the parties were married on June 19, 1987. Husband filed a complaint in divorce on June 6, 2012, alleging irretrievable breakdown pursuant to Section 3301(d) of the Divorce Code.  At the time Husband filed the complaint, the parties had no minor children.  On January 23, 2015, the parties, represented by counsel, entered into a stipulation that set forth their agreement with respect to equitable distribution and alimony.  With respect to alimony, the parties agreed that "Wife shall receive in the form of alimony the sum of $450 per month with

first payment due 30 days from the date of the divorce decree." (Stipulation, 1/23/15 at 8.) The stipulation incorporated into, but did not merge with, the parties' divorce decree, which was entered on April 23, 2015.

On August 18, 2017, Husband filed a petition for special relief to terminate alimony alleging that the parties' January 23, 2015 alimony stipulation is unenforceable and/or void because the stipulation does not have a termination date and "[i]t is believed and thereafter alleged that [Wife] is cohabitating with a person." (Husband's petition for special relief to terminate alimony, 8/18/17 at 1, ¶¶ 4-5.) Following the submission of briefs and a hearing on the matter, the trial court denied Husband's petition by order entered and served January 25, 2018. Consequently, the last day to timely file a notice of appeal was Monday, February 26, 2018. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry from which the appeal is taken"); *see also* 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day). Husband filed his notice of appeal on February 28, 2018.

We note that the certified record contains a letter dated February 20, 2018, indicating that Husband's counsel mailed the notice of appeal to the Wayne County prothonotary for filing on that date. Attached to the filed notice of appeal, which reflects a stamped docketing date of February 28,

2018, is an envelope that bears a postage-meter stamp indicating that postage was placed on the envelope on February 20, 2018. The notice of appeal, however, was not filed until February 28, 2018, which rendered it untimely. Although Pa.R.A.P. 121(e) permits additional time for service of certain papers by mail, our supreme court has held that Rule 121(e) does not apply to a notice of appeal. ***Coney Island, II v. Pottsville Area Sch. Dist***., 441 A.2d 747, 749 (Pa. 1982) (finding that the comment to Rule 121(e) accurately reflects our supreme court's intention that the rule does not apply, among other things, to the filing of a notice of appeal, which comment is consistent with the text of the rule, as the text excludes matters that respond to a court order). Despite the untimeliness of Husband's notice of appeal, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Husband complied. The trial court did not, however, file a Pa.R.A.P. 1925(a) opinion.

Pennsylvania Rule of Appellate Procedure 902 requires that a notice of appeal be filed in the time allowed by Rule 903. ***See*** Pa.R.A.P. 902. With respect to Rule 902, this court has stated:

> The rule provides of no exceptions. In fact, the rule emphasizes that the filing of a timely notice of appeal is the ***sine qua non*** of a proper appeal from a final order by stating that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal. . . ." This clearly implies that the only failure that ***does*** affect the validity of the appeal is the failure to file a timely notice of appeal. It is this failure that we have no jurisdiction to excuse.

***Cubano v. Sheehan***, 146 A.3d 791, 794 (Pa.Super. 2016), citing

***Thermo-Guard, Inc. v. Cochran***, 596 A.2d 188, 192 (Pa.Super. 1991)

(emphasis in original) (superseded by statute on other grounds).

Here, the docket demonstrates that Husband filed his notice of appeal

on February 28, 2018, which was two days beyond the deadline set forth in

Rule 903(a).[1]  Consequently, because Husband's appeal was untimely filed,

this court is divested of jurisdiction, and we must quash the appeal.  ***See***

***Cubano***, 146 A.2d at 794.

Even if Husband's untimely filing of his notice of appeal did not result

in quashal, Husband would not be entitled to relief.  The parties' divorce

decree states that the parties' January 23, 2015 stipulation is "incorporated

but not merged in this Decree and Order."  (Decree, 4/23/15.)  As such, the

stipulation constitutes a separate and independent contract that survived the

divorce decree and must be construed under the law of contracts.  ***See***

***McMahon v. McMahon***, 612 A.2d 1360, 1363 (Pa.Super. 1992).  As aptly

stated by the trial court,

> [t]he January 23, 2015 Agreement clearly states that
> [W]ife shall receive in the form of alimony the sum
> of $450 per month with first payment due 30 days
> from the date of the divorce decree.  The Agreement
> does not contain conditions for modification or

---

[1] We remind Husband's counsel that our supreme court has held that because delays in the U.S. mail are both foreseeable and avoidable, an appellant's failure to anticipate a potential delay in the mail does not constitute a non-negligent circumstance for which an appeal ***nunc pro tunc*** may be granted.  ***Criss v. Wise***, 781 A.2d 1156, 1160 (Pa. 2001).

termination. Absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements. ***Simeone v. Simeone***, 581 A.2d 162 (Pa. 1990). Here, the parties were free to include conditions in the agreement under which alimony payments would be terminated. If the parties had intended the payments to cease upon cohabitation, they could have so provided.

Order of court, 1/25/18 at n.1.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/18